■ WHIRLPOOL CORPORATION, Respondent, v ORECK CORPORATION, Appellant.—Order, Supreme Court, New York County, entered February 18, 1975, affirmed, without costs and without disbursements. In affirming, we do not pass upon the validity of the position asserted by way of the fifth counterclaim that there was a breach of warranty by the plaintiff. The counterclaims have been severed, and the fifth counterclaim survives. Concur—Stevens, P. J., Markewich, Kupferman and Murphy, JJ.; Lupiano, J., dissents in part in the following memorandum: Scrutiny of the record discloses that the fifth counterclaim alleged by defendant is essentially related to plaintiff's first cause of action for goods sold and delivered. In this counterclaim, defendant alleges that most of the goods sold and delivered were defective in violation of the contract and warranties attendant thereon and seeks damages as a consequence of this failure. Indeed, Special Term implicitly recognized this fact in stating: "Aside from the defendant's fifth counterclaim, alleging delivery by the plaintiff of defective merchandise, defendant's counterclaims are essentially unrelated to the plaintiff's first cause of action." In recognition of the relationship of the defendant's fifth counterclaim to the plaintiff's first cause of action on which plaintiff was granted summary judgment, the majority in affirming that judgment specifically declared that "we do not pass upon the validity of the position asserted by way of the fifth counterclaim." It is noted that this counterclaim is substantial in the content of the record. This court has heretofore taken the eminently reasonable and common sense position that where a counterclaim is essentially related to the plaintiff's claim on which plaintiff is entitled to summary judgment, the entry of judgment on the latter should be stayed (See *Dalminter, Inc. v Dalmine, S.p.A.,* 29 AD2d 852). I see no reason to depart from this approach in the instant matter. The order of Special Term should be modified, on the law, the facts and in the exercise of discretion, by providing that entry of judgment is stayed pending resolution of the fifth counterclaim, and as so modified, affirmed.