■ LEONARD EISEN, Appellant, v SELMA EISEN, Respondent.—In an action for divorce, the plaintiff husband appeals from an order of the Supreme Court, Westchester County, entered July 23, 1975, which granted defendant an additional counsel fee to defend an appeal and to prosecute a cross appeal. Order modified by reducing the amount of the additional counsel fee from $1,000 to $500. As so modified, order affirmed, without costs or disbursements. The additional counsel fee is to be paid within 90 days after entry of the order to be made hereon. In view of all the facts and circumstances, including the amount of prior allowances, the additional counsel fee awarded was excessive to the extent indicated herein. Hopkins, Acting P. J., Margett, Damiani, Titone and Hawkins, JJ., concur.

■ FEDERAL NATIONAL MORTGAGE ASSOCIATION, Appellant-Respondent, v JOHN F. PALMER et al., Respondents-Appellants, et al., Defendant.—In a mortgage foreclosure action, the parties cross-appeal from an order of the Supreme Court, Suffolk County, entered August 12, 1975, which, *inter alia,* (1) struck the answer of defendants Palmer and (2) severed the counterclaim of the said defendants. Order affirmed, without costs or disbursements. In our opinion there are triable issues of fact with respect to the counterclaim. Plaintiff's attorney asserted in his reply affidavit: "The affirmation in opposition is made by one who has no personal knowledge of the alleged wrongful acts. In essence, Mr. Van Cook is as much a stranger to the facts alleged, as is the plaintiff; neither one, being present at the time of the alleged occurrence." However, this applies to the plaintiff's moving papers as well, the only supporting affidavits being those of plaintiff's attorney. Although he did submit evidence of answers elicited in discovery proceedings, those responses tend to support the counterclaim and show that, in December, 1973, without prior notice to defendants Palmer, certain persons made an unauthorized entry onto their property prior to the institution in February, 1974 of this foreclosure action, and that they boarded up the Palmers' house and removed property therefrom. Although plaintiff's attorney averred that plaintiff had no connection with that invasion, the alleged trespassers told defendants Palmer that the mortgage had been foreclosed by the "F. H. A." The "invading" laymen may well have simply confused plaintiff's name with the F. H. A. Further, Sol Nash, who had been employed in connection with the boarding-up of the Palmers' house, asserted that he reported to and received instructions from a "Mr. Gise". Plaintiff's papers are otherwise silent with respect to Gise's role. Sol Nash also indicated that he, Nash, had been paid by "Union Mortgage Corporation". Union was the plaintiff's assignor. We note that the county registrar's indorsements on the mortgage show that the mortgage had been shuffled back and forth between Union and plaintiff. Under all of these circumstances, there should be a trial of the issues presented by the counterclaim. We find no merit to the contention of defendants Palmer that summary judgment was improperly granted to plaintiff on its mortgage foreclosure cause of action. Martuscello, Acting P. J., Cohalan, Damiani, Shapiro and Titone, JJ., concur.