■ NEW YORK GUARDIAN MORTGAGEE CORP., Appellant, v JAMES H. NORTHROP, INC., Respondent, et al., Defendant.—In an action to foreclose a mortgage, plaintiff appeals, as limited by its brief, from so much of an order of the Supreme Court, Suffolk County, dated November 29, 1979, as, on plaintiff's motion, *inter alia,* for summary judgment and to dismiss the counterclaims of defendant James H. Northrop, Inc., (1) severed but refused to dismiss said defendant's counterclaims after granting the plaintiff summary judgment on its foreclosure action, (2) stayed the actual sale of the premises pending a determination of the counterclaims and (3) refused to strike said defendant's notice to take oral depositions. Order modified, on

the law, by deleting the second and fifth decretal paragraphs thereof and substituting therefor a provision severing only the first counterclaim of defendant James H. Northrop, Inc., and dismissing said defendant's second and third counterclaims. As so modified, order affirmed insofar as appealed from, without costs or disbursements. The second and third counterclaims of defendant James H. Northrop, Inc. (Northrop) should have been dismissed by Special Term, the second because a demand for punitive damages does not constitute a separate cause of action for pleading purposes (see *Empire State Fed. Sav. & Loan Assn. v Commercial Union Ins. Co.,* 67 AD2d 676; *Goldman v Garofalo,* 59 AD2d 933), and the third because a cause of action for indemnification was premature (see *Bay Ridge Air Rights v State of New York,* 57 AD2d 237, affd 44 NY2d 49). Moreover, in the absence of any demonstrable prejudice, Special Term abused its discretion in staying the foreclosure sale pending the disposition of Northrop's distinct and separable counterclaims, only one of which (the one sounding in trespass) now remains (see *Stigwood Organisation v Devon Co.,* 44 NY2d 922; *Sunbeam Corp. v Morris Distr. Co.,* 55 AD2d 722, mot for lv to app den 41 NY2d 802; *Whirlpool Corp. v Oreck Corp.,* 48 AD2d 817; *Petikas v Atco Mar. Corp.,* 31 AD2d 907). However, we agree that Northrop's first counterclaim was properly severed, as the record is neither clear nor conclusive that Northrop had no possessory rights in the property claimed to have been the subject of the trespass at the time thereof (see *Allied 31st Ave. Corp. v City of New York,* 27 AD2d 948; see, also, *Federal Nat. Mtge. Assn. v Palmer,* 53 AD2d 601). In addition, Northrop has pleaded prima facie an injury to property for which it seeks monetary compensation, and whether the nature of that cause of action properly sounds in trespass, conversion or some other form of legal relief, it is our belief that given the liberalization of pleadings under the CPLR, a dismissal at this stage of the proceedings would be inappropriate (see *Foley v D'Agostino,* 21 AD2d 60, 64-66; see, generally, Siegel, Practice Commentaries, McKinney's Cons Laws of NY, Book 7B, CPLR C3211:24, pp 30-31). We have considered the other points raised on appeal and have found them to be without merit. Rabin, J. P., Gulotta, Cohalan and O'Connor, JJ., concur.