■ FIRST NORTHERN MORTGAGEE CORP., Formerly Known as PUBLIC EQUITIES CORP., Respondent, v KATHRYN B. YATRAKIS, Appellant, et al., Defendants.—In an action to foreclose a mortgage, the defendant Kathryn B. Yatrakis appeals from a judgment of the Supreme Court, Kings County (Held, J.), dated September 2, 1988, which, inter alia, granted the plaintiff's motion for summary judgment, and denied her cross motion to amend her answer with leave to commence a separate action against the plaintiff.

Ordered that the judgment is affirmed, with costs.

We find that the appellant waived the right to assert that the plaintiff's failure to perform a condition precedent set forth in the mortgage bars the instant foreclosure action, as this defense was never raised in the appellant's answer or in any motion by the appellant to amend her answer (see, CPLR 3015 [a]; Igbara Realty Corp. v New York Prop. Ins. Underwriting Assn., 63 NY2d 201; Karel v Clark, 129 AD2d 773). Furthermore, the defense was never raised in response to the plaintiff's motion for summary judgment, and cannot be raised for the first time on appeal (see, Bichler v Lilly & Co., 55

NY2d 571; *Moore v Leaseway Transp. Corp.,* 49 NY2d 720; *Nelson v Time Sq. Stores Corp.,* 110 AD2d 691).

We also find no merit to the appellant's assertion that the plaintiff's representation that it did not require timely mortgage payments should estop the plaintiff from commencing the instant action. The only evidence offered by the appellant of any such representation is the appellant's husband's affidavit which contained unsubstantiated and self-serving statements, based wholly on hearsay. As such, we find that the affidavit is insufficient to defeat the motion for summary judgment *(see, Zuckerman v City of New York,* 49 NY2d 557; *Eddy v Tops Friendly Mkts.,* 91 AD2d 1203, *affd* 59 NY2d 692; *Ehrlich v American Moninger Greenhouse Mfg. Corp.,* 26 NY2d 255).

Lastly, we find the Supreme Court did not improvidently exercise its discretion when it denied the appellant's motion to amend her answer to allege a counterclaim in tort for the plaintiff's alleged wrongful actions in entering the property at issue for the purpose of boarding up the building. When a motion for summary judgment is granted in its entirety, a cross motion to amend the answer is moot when the cross motion seeks a determination that could not have any practical effect on the existing controversy *(see, Lighting Horizons v Kahn & Co.,* 120 AD2d 648). At bar, the amended answer requested by the appellant included only a supplemental counterclaim, the outcome of which would have no effect on the foreclosure action *(see, Federal Natl. Mtge. Assn. v Palmer,* 53 AD2d 601). Thus, the appellant was properly granted leave to commence a new action against the plaintiff with respect to the issues raised in the counterclaim. Brown, J. P., Eiber, Kooper and Rosenblatt, JJ., concur.