■ TRANS WORLD MAINTENANCE SERVICES, INC., Appellant-Respondent, v LUNA PARK HOUSING CORPORATION, Respondent-Appellant.—Order, Supreme Court, New York County (Irma Vidal Santaella, J.), entered on or about March 9, 1989, which granted, and held in abeyance the entry of, partial summary judgment in favor of plaintiff, in the amount of $48,990.39, pending determination of the issue as to the remaining $37,427.38 in question, and which denied as moot defendant's cross motion to amend its answer to the complaint, unanimously reversed, on the law, the facts and in the exercise of discretion to the extent of (1) deleting that portion of the order holding in abeyance the entry of partial summary judgment in favor of plaintiff; and (2) granting the cross motion of defendant to amend its answer, without costs.

Trans World Maintenance Services, Inc. (Trans World) contracted to provide defendant Luna Park Housing Corporation (Luna Park), a New York City Mitchell-Lama housing cooperative, with janitorial and maintenance services. The original contract expired on October 31, 1987, and on or about January 1, 1988, the parties purported to execute a renewal contract to

continue these services; however, the renewal contract was apparently never approved by the New York City Department of Housing Preservation and Development, as required.

On or about March 25, 1988, Luna Park discharged Trans World, alleging, *inter alia,* dissatisfaction with services performed, overcharges and improper billing practices by Trans World. Trans World subsequently commenced an action on or about August 1, 1988, seeking $93,250.11 allegedly due and owing from Luna Park for work, labor and services.

Luna Park interposed an answer on or about August 29, 1988; this answer included a counterclaim in the amount of $500,000, which it contended it was owed by Trans World due to the alleged overcharges and improper billing procedures.

After issue was joined, Trans World moved for complete or partial summary judgment; Luna Park cross-moved for leave to serve an amended answer to "cure certain technical deficiencies", enlarge the time period covered by its counterclaim, and to add an affirmative defense to its answer. In its papers, Luna Park conceded that it owed Trans World $48,990.39 for services rendered, but denied owing the remaining $37,427.38 in question.

The IAS court granted plaintiff's motion for partial summary judgment in the amount of $48,990.39. However, the court held its entry in abeyance, "pending determination of the remaining issues as to the remaining $37,427.38, shown in the complaint as the 'Richard Homan settlement' about which these parties are still in dispute" (referring to moneys allegedly paid on Luna Park's behalf in connection with the settlement of an arbitration claim). Luna Park's cross motion to amend its complaint was denied.

Trans World appeals that portion of the order which held in abeyance the entry of partial summary judgment in favor of plaintiff. Luna Park has cross-appealed from that portion of the order which denied its cross motion to amend its answer.

There is a recognized basis for withholding entry of a partial summary judgment when there is a counterclaim to be resolved and when there is a reason, apparent from the record, for concluding that if the partial summary judgment were to be entered, it might result in some prejudice, financial or otherwise, to the party against whom the partial summary judgment is granted if the party subsequently prevails on its unsettled claims. *(Stigwood Org. v Devon Co.,* 44 NY2d 922, 923-924 [1978]; CPLR 3212 [e] [2].) Here, the court did not consider or state any concern that Luna Park would be unable

to recover from Trans World should it prevail on its counterclaim, nor does a review of the record yield any facts which would support such a claim. *(Sunbeam Corp. v Morris Distrib. Co.,* 55 AD2d 722, 723 [3d Dept 1976], *lv denied* 41 NY2d 802.) Indeed, the court herein expressly stated that its basis for holding the entry of partial summary judgment in favor of Trans World in abeyance was that there was an issue remaining as to the additional $37,427.38 claim which Trans World was asserting against Luna Park. This constituted an improvident exercise of discretion.

Moreover we disagree with the IAS court that defendant's cross motion to amend its answer to the complaint herein was moot. We believe the appropriate course under the circumstances herein would have been to grant leave to amend since the statute provides that as a general rule, leave to amend should be freely given. (CPLR 3025.)

Accordingly, we reverse to the extent of deleting that portion of the order holding in abeyance the entry of partial summary judgment in favor of plaintiff in the amount of $48,990.39, and further grant the cross motion of defendant to amend its answer. Concur—Kupferman, J. P., Sullivan, Carro, Rosenberger and Ellerin, JJ.