■ DEL MONTE CORPORATION, Respondent, v MERCANTUM

(U.S.) CORPORATION, Appellant.—Order, Supreme Court, New York County (Beverly S. Cohen, J.), entered May 9, 1990, which, *inter alia,* granted partial summary judgment to plaintiff on the first cause of action (except with respect to three invoices), in the amount of $278,918.16 plus interest, costs and disbursements, unanimously modified, in the exercise of discretion, to hold entry of judgment in abeyance pending determination of any remaining cause of action pursuant to CPLR 3212 (e) (2), and otherwise affirmed, without costs.

This is an action for goods sold and delivered and for an account stated wherein defendant has counterclaimed for breach of contract, delivery of goods of deficient quality, breach of fiduciary duty and fraud. Del Monte Corporation (plaintiff) is a producer and manufacturer of food products and defendant is a distributor of such products. Mercantum (U.S.) Corporation (defendant) asserted that it had been involved in such capacity with plaintiff and its parent company/assignor, RJR Foods, Inc. ("RJR"), since the 1970's. The action herein concerns two food products, pineapple juice concentrate and tomato paste. In 1979, defendant allegedly entered into an agreement with RJR for the exclusive right to market, sell and distribute pineapple juice concentrate, and plaintiff assumed RJR's rights and obligations under the agreement three years later. In 1986, the parties allegedly entered into a similar agreement with respect to tomato paste. No formal written distributorship agreements were entered into, but defendant alleges that agreements, evidenced by a series of writings, emerged from a business relationship that had developed over the years. When the relationship fell apart, plaintiff informed defendant that it would not be providing any product after the 1987 crop year. Defendant then refused to pay for tomato paste provided in June through August 1988.

Plaintiff thereafter sued for $325,765.32, alleging causes of action for goods sold and delivered and for an account stated on 26 unpaid invoices. Defendant's answer contained counterclaims far exceeding the amount of the suit, including breach of the distributorship agreement for both products, a deficient quality of pineapple juice concentrate, breach of the fiduciary and confidential relationship between the parties, and fraud in the inducement with respect to both distributorships. After joinder of issue, but before completion of discovery, plaintiff moved for summary judgment on its two claims, asserting with respect to the tomato paste (the only product mentioned in the complaint), that there was no written or oral distribution agreement and no agreement to sell tomato paste after

September 1, 1988. The court granted partial summary judgment on the first cause of action with respect to 23 of the 26 invoices and severed the second cause of action and counterclaims which have been held to be not inseparable from the main claims. Plaintiff moved for reargument to include the three disputed invoices in the award of partial summary judgment and defendant cross-moved for reconsideration. The court granted the motion and denied the cross-motion. Defendant appealed on the first order. Inasmuch as the second order made substantially the same determination as the first (CPLR 5517 [a] [1]), this Court, *sua sponte,* should consider the appeal to be from the subsequent order (CPLR 5517 [b]).

The court did not err in severing the counterclaim to allow for entry of partial summary judgment *(see, Whirlpool Corp. v Oreck Corp.,* 48 AD2d 817), even where the counterclaims may exceed the claims upon which the summary judgment is granted *(Dalminter, Inc. v Dalmine, S.p.A.,* 29 AD2d 852, *affd* 23 NY2d 653), as the counterclaim is so unrelated to the cause of action that severance will not prejudice a trial of the remaining issues *(Santoiemmo v Syracuse Paper & Twine Co.,* 52 AD2d 721, *lv denied* 39 NY2d 709). Nor does the statute of frauds bar an action on the distributorship agreements because of the existence of the written memoranda memorializing the relationship between the parties which referred specifically to the continuing nature of the agreement, its exclusivity, quantities contemplated, geographic territory to be represented, and frequency of delivery. The statute of frauds can be satisfied by these several writings pieced together since they refer to the same series of transactions *(Crabtree v Arden Sales Corp.,* 305 NY 48).

Because the second cause of action for an account stated and the counterclaims have been severed, entry of the partial summary judgment should be stayed (CPLR 3212 [e] [2]; *Stern v Stern,* 41 AD2d 676). Concur—Murphy, P. J., Milonas, Ross and Rubin, JJ.