■ LAURA McCARTHY, Respondent, v BOARD OF MANAGERS OF BROMLEY CONDOMINIUM et al., Appellants, et al., Defendants. [706 NYS2d 104] —Order, Supreme Court, New York County (Edward Lehner, J.), entered March 10, 1999, which denied defendants-appellants' motions to dismiss the complaint as time-barred, for leave to amend an answer to assert the defense that the action was time-barred, and for summary judgment dismissing the complaint, unanimously modified, on the law, and said motions granted to the extent of dismissing the plaintiff's fourth, thirty-first and thirty-second causes of action, and otherwise affirmed, without costs.

Plaintiff's fourth cause of action premised upon an alleged warranty of habitability by defendant condominium corporation should have been dismissed since it is clear that defendant condominium did not extend a warranty of habitability to the individually owned unit in question (*see, Matter of Mailman [Abbady]*, 216 AD2d 115), and, in any event, would have made no such warranty to plaintiff subtenant, with whom it had "neither a contractual agreement nor landlord-tenant relationship" (*Wright v Catcendix Corp.*, 248 AD2d 186). Plaintiff's thirty-first and thirty-second causes of action alleging breaches of warranties of merchantability and fitness by defendant air-

conditioning maintenance contractor Arista should have been dismissed as well, since that defendant was not a warrantor of the goods it merely serviced (*see, Vernon v Potamkin Cadillac Corp.*, 118 AD2d 698, 700). Plaintiff's remaining causes were properly upheld as against appellants' claims that they were time-barred, since plaintiff's first-commenced action was not a nullity (*cf., Halliday v Town of Halfmoon*, 235 AD2d 709). We have considered appellants' remaining arguments and find them unavailing. Concur—Rosenberger, J. P., Williams, Tom, Rubin and Buckley, JJ.