■ BOARD OF MANAGERS OF THE ATRIUM CONDOMINIUM, Respondent-Appellant, v WEST 79TH STREET CORP., Appellant-Respondent, et al., Defendants. [792 NYS2d 444]—

Order, Supreme Court, New York County (Herman Cahn, J.), entered May 14, 2004, which denied defendant's motion for a default judgment on its counterclaims or, alternatively, further disclosure in connection with the alleged default, and granted defendant's motion for disclosure sanctions on account of plaintiff's failure to appear at a court-ordered deposition only to the extent of rescheduling the deposition and awarding defendant a money penalty (incorrectly denominated a contempt sanction) to be assessed after the deposition is conducted, unanimously affirmed, without costs.

Assuming in defendant's favor that plaintiff failed to timely serve a reply to the counterclaims, a default judgment on the counterclaims should nevertheless be denied, since it appears

that plaintiff reasonably believed that the matter was being held in abeyance pending then ongoing extensive negotiations, and defendant was at all times aware of plaintiff's position and not otherwise prejudiced by the delay (*see Eastern Resource Serv. v Mountbatten Sur. Co.*, 289 AD2d 283 [2001]). Certainly, any failure to timely serve a reply was not part of a demonstrable pattern of willful delay. In view of the foregoing, defendant's request for electronic discovery of plaintiff's attorneys' computers, characterized by the motion court as part of its "preoccupation" with proving that an affidavit attesting to service of the reply was backdated and that plaintiff's attorney perjured himself in affirming the timeliness of the reply, should be denied as academic. The motion court also properly refused to dismiss the complaint on account of plaintiff's noncompliance with a court order scheduling its deposition, there being an insufficient showing of willfulness to warrant such drastic relief, and instead properly excused the noncompliance upon condition that plaintiff pay defendant a money penalty (*see Irizarry v Ashar Realty Corp.*, 14 AD3d 323 [2005]).

We have considered the parties' other arguments for affirmative relief and find them unavailing. Concur—Buckley, P.J., Tom, Andrias and Sullivan, JJ.