JAMES L. MELCHER, Appellant-Respondent, v APOLLO MEDICAL FUND MANAGEMENT L.L.C. et al., Respondents-Appellants. JAMES L. MELCHER, Respondent, v APOLLO MEDICAL FUND MANAGEMENT L.L.C. et al., Appellants. [808 NYS2d 207]—

Order, Supreme Court, New York County (Herman Cahn, J.), entered September 14, 2004, which, inter alia, granted defendants' motion to dismiss the action to the extent of dismissing the cause of action for conversion, and denied the motion with respect to the causes of action for breach of contract, breach of fiduciary duty, and declaratory relief involving plaintiff's right to reinstatement as a manager and member of defendant limited liability company (the Company) and defendant Fradd's right to indemnification from the Company, unanimously affirmed, without costs. Order, same court and Justice, entered August 31, 2005, which denied defendants' motion for a default judgment on their counterclaim for breach of contract and granted plaintiff's cross motion for leave to serve a late reply, unanimously affirmed, without costs.

Concerning plaintiff's appeal from the first order, the conversion cause of action was properly dismissed as duplicative of the contract cause of action (*see Richbell Info. Servs. v Jupiter Partners*, 309 AD2d 288, 306 [2003]). In view of the foregoing, it is unnecessary to address whether the conversion claim was otherwise sufficiently stated.

Concerning defendants' appeal from the first order, the motion court correctly rejected, at this pleading stage, defendants' factual contention that plaintiff waived his claim for breach of contract because he should have known from examining the monthly spreadsheets he was provided that the profit split was not as he thought. The knowledge element of waiver (*see Nassau Trust Co. v Montrose Concrete Prods. Corp.*, 56 NY2d 175, 184 [1982]) is not conclusively established (*see Leon v Martinez*, 84 NY2d 83, 88 [1994]) by the spreadsheets, which do not disclose the formula employed to calculate the allocations and contain no explanatory footnotes. Defendants' claim of estoppel (*see Nassau Trust Co.*, 56 NY2d at 184) is similarly inconclusive, since Fradd's profits were higher during the period of the claimed estoppel, and his assertion that he would have hired someone more efficient to replace plaintiff had plaintiff not continued to accept his allocated share merely raises an issue of fact not susceptible to resolution at this juncture. The shorter Delaware limitations period (Del Code Ann, tit 10, § 8106) was not imported by virtue of the choice of law clause, which, by its terms, required the application of that state's substantive contract law principles but otherwise left the procedural rules of this state to govern (*see Sears, Roebuck & Co. v Enco Assoc.*, 43 NY2d 389, 397 [1977]). As amplified by plaintiff's opposition papers, the complaint adequately pleads that his removal as a member of the Company was in violation of the parties' agreement. Although the signed copy of the agreement provided that Fradd alone can remove a member upon 10 days' written notice, plaintiff's duty to read (*see Arnav Indus., Inc. Retirement Trust v Brown, Raysman, Millstein, Felder & Steiner*, 96 NY2d 300, 304 [2001]) may have been excused by Fradd's alleged wrongful conduct (*see Metzger v Aetna Ins. Co.*, 227 NY 411, 416 [1920]). In particular, there is an issue of fact as to whether plaintiff, having already read the January 5 draft of the agreement, was entitled to rely on that draft and the accompanying attorney's cover letter pointing out changes from a previous draft, when the January 8 signed document was unaccompanied by a similar letter pointing out changes, and it does not appear that the January 5 draft contained the Fradd-only clause. With respect to plaintiff's claim for reinstatement as a manager, the motion court correctly held that the provision on which

defendants rely—"each Manager shall serve until . . . his removal by the other Managers"—is ambiguous, and does not clearly provide for one manager's removal of the other when there are only two. With respect to whether Fradd is entitled to indemnification from the Company, although the fraud cause of action against him was dismissed, there are sufficient allegations of bad faith in the manner in which he presented the agreement to plaintiff for signature, and caused the profit-allocation clause to be amended, to raise an issue of fact as to the applicability of the "limitations" exception under the indemnification clause. The cause of action for breach of fiduciary duty, pleaded against Fradd for an alleged diversion of Company assets, was properly sustained in that the clause relied on by Fradd—"a Member does not violate a duty or obligation to the Company merely because the Member's conduct furthers the Member's own interest"—appears only to allow members to act in their own interest, and does not appear to absolve members of the duty of loyalty inter se and of any corresponding prohibitions against diverting Company opportunities. Moreover, Delaware Code Annotated, title 6, § 18-1101 (c) recognizes that there may be a fiduciary duty between members of a limited liability company that effectively bars clauses exculpating a member from such duty.

Concerning defendants' appeal from the second order, although the motion court, in permitting a late reply to defendants' counterclaim in the second amended answer, mentioned only that the default was an excusable law office failure (*see Nunez v Resource Warehousing & Consolidation*, 6 AD3d 325, 326 [2004]), we find that plaintiff also submitted a meritorious defense and that the late reply caused no prejudice (*see Board of Mgrs. of Atrium Condominium v West 79th St. Corp.*, 17 AD3d 108 [2005]).

We have considered the parties' other contentions for affirmative relief and find them unavailing. Concur—Mazzarelli, J.P., Andrias, Williams and Sweeny, JJ.