OPINION OF THE COURT
Memorandum.
Final judgment, insofar as appealed from, modified by reinstating tenants’ counterclaims other than their application for attorney’s fees and remanding the matter for all further proceedings on these counterclaims; as so modified, affirmed without costs.
In this nonpayment summary proceeding, landlord sought arrears in excess of $10,000 and tenants interposed counterclaims for, among other things, breach of the warranty of habitability and rent overcharge. Tenants also sought attorney’s fees. On an adjourned trial date, landlord’s petition was dismissed without prejudice on the ground that landlord was not prepared to proceed, tenants’ counterclaims were in effect dismissed without prejudice, and tenants’ request for attorney’s fees was denied on the ground that there was no prevailing party.
Since tenants were prepared to proceed upon their counterclaims, the counterclaims should not have been dismissed. We note that tenants were entitled to assert their claim of breach of the warranty of habitability either by way of action or counterclaim, and their right to assert this claim was not dependent on the claim by landlord for rent arrears (Park W. Mgt. Corp. v Mitchell, 47 NY2d 316, 329 [1979]). Similarly, since tenants had not previously commenced an overcharge proceeding before the Division of Housing and Community Renewal, they were entitled to assert their overcharge claim by way of action or counterclaim, and their right to assert this claim was also independent of landlord’s claim for arrears (Crimmins v Handler & Co., 249 AD2d 89, 90-91 [1998]; see Kew Hills, LLC v Victor, NYLJ, June 20, 2001, at 19, col 3 [App Term, 2d & 11th Jud Dists]; Oziel v Tineo, NYLJ, Mar. 2, 1999, at 33, col 2 [App Term, 2d & 11th Jud Dists]). Accordingly, we modify the final judgment by providing that tenants’ counterclaims, other than their application for attorney’s fees, are reinstated and by remanding the matter for *87 all further proceedings on the counterclaims. Inasmuch as tenants are not entitled to attorney’s fees at this juncture based on the dismissal without prejudice of landlord’s petition (see Elkins v Cinera Realty, 61 AD2d 828 [1978]; Sacchetti v Rogers, 2003 NY Slip Op 51259[U] [App Term, 1st Dept 2003]), we leave the court’s denial of tenants’ application for attorney’s fees undisturbed.
Pesce, PJ., Golia and Rios, JJ., concur.