(May 17, 2011)

■ JAMES L. MELCHER, Respondent, v APOLLO MEDICAL FUND MANAGEMENT L.L.C. et al., Appellants. [923 NYS2d 92]—

Judgment, Supreme Court, New York County (Melvin L. Schweitzer, J.), entered February 2, 2010, insofar as appealed from, awarding plaintiff damages on the third cause of action,

granting him judgment on the sixth cause of action, and dismissing defendants' counterclaim for breach of contract, unanimously affirmed, with costs. Appeals from orders, same court and Justice, entered September 23, 2009 and January 7, 2010, and from order, same court (Donna Marie Mills, J.), entered September 8, 2009, unanimously dismissed, with costs, as subsumed in the appeal from the judgment.

Defendants failed to preserve their argument that plaintiff's expert should have been precluded because compliance with custom and practice is irrelevant to whether a party complied with a fiduciary duty under Delaware law (*see In re Walt Disney Co. Derivative Litig.*, 907 A2d 693, 741 [Del Ch 2005], *affd* 906 A2d 27 [Del 2006]). In any event, the evidence was relevant to the claims of violation of the fiduciary duty of good faith and/or loyalty (*see generally People v Scarola*, 71 NY2d 769, 777 [1988]).

Defendants contend that the evidence of breach of fiduciary duty was insufficient because plaintiff failed to submit any evidence concerning the fiduciary duties generally owed between managers and members in a limited liability company organized under Delaware law. However, defendants failed to object to the court's instruction to the jury that the manager of an LLC owes a fiduciary duty of due care, good faith and loyalty to the members of the LLC (*Peguero v 601 Realty Corp.*, 58 AD3d 556, 559 [2009]). In any event, the jury instruction was correct. Apollo Management's operating agreement contains no provision contrary to the principle that "the manager of an LLC owes the traditional fiduciary duties of loyalty and care to the members of the LLC" (*Bay Ctr. Apts. Owner, LLC v Emery Bay PKI, LLC*, 2009 WL 1124451, *8, 2009 Del Ch LEXIS 54, *26 [Apr. 20, 2009]). Nor does it contain a provision "explicitly disclaiming the applicability of default principles of fiduciary duty [pursuant to which] LLC members . . . ow[e] each other the traditional fiduciary duties that directors owe a corporation" (2009 WL 1124451, *8 n 33, 2009 Del Ch LEXIS 54, *27 n 33). Directors owe a corporation the fiduciary duties of "due care, good faith, and loyalty" (*Malone v Brincat*, 722 A2d 5, 10 [Del 1998]).

Defendants concede that they failed to preserve their claim that the court should have instructed the jury that plaintiff was required to prove causation. In any event, the causal connection is self-evident. If it was a breach of fiduciary duty for defendant Brandon Fradd to keep all the incentive fees from Apollo Offshore instead of sharing them with plaintiff, then plaintiff was injured by Fradd's failure to share the fees. Similarly, if it was a breach of fiduciary duty for Fradd to divert investors

from Apollo Partners to Apollo Offshore, then plaintiff was injured by being deprived of the fees he would have received from the diverted investors.

Defendants contend that the court's charge erroneously included claims not pleaded by plaintiff. However, paragraph 30 of the second amended complaint alleges that, because Apollo Offshore was managed by a company other than Apollo Management, plaintiff was deprived by Fradd of the earnings he would have and should have received if Apollo Management had managed Apollo Offshore's assets. Paragraph 31 refers to a statement of the amount plaintiff would have earned if the assets Fradd placed in Apollo Offshore had been managed by Apollo Management. Thus, the complaint gave defendants notice that plaintiff was seeking incentive fees on all Apollo Offshore's assets.

Defendants failed to preserve their argument that the use of "and/or" in an interrogatory to the jury was improper, and we decline to reach the issue in the interest of justice (*see Herbert H. Post & Co. v Sidney Bitterman, Inc.*, 219 AD2d 214, 223-224 [1996]).

The court properly declared that Fradd was not entitled to indemnification from Apollo Management. On a prior appeal, we found that, although the fraud cause of action against Fradd was dismissed, plaintiff made sufficient allegations of bad faith on Fradd's part to raise an issue of fact whether the "limitations" exception in the indemnification clause was applicable (25 AD3d 482, 484 [2006]). In light of the allegations and evidence in this case, the jury's verdict that Fradd breached his fiduciary duty can only mean that the jury found that Fradd acted in bad faith or disloyally (or both), not that he breached his duty of due care.

Defendants failed to preserve their argument that there was insufficient evidence that they waived their counterclaim for breach of contract. Were we to reach this argument, we would find that a rational jury could have found waiver from Fradd's testimony that he realized in 1998 that plaintiff was not performing his duties as a manager of Apollo Management but that he paid plaintiff anyway (for several more years) because he was being generous. Concur—Gonzalez, P.J., Sweeny, Moskowitz, Renwick and Richter, JJ.