HSBC Bank USA, N.A. v Gervais (2019 NY Slip Op 00101)





HSBC Bank USA, N.A. v Gervais


2019 NY Slip Op 00101


Decided on January 9, 2019


Appellate Division, Second Department



Published by New York State Law Reporting Bureau pursuant to Judiciary Law § 431.


This opinion is uncorrected and subject to revision before publication in the Official Reports.



Decided on January 9, 2019
SUPREME COURT OF THE STATE OF NEW YORK
Appellate Division, Second Judicial Department

REINALDO E. RIVERA, J.P.
JOHN M. LEVENTHAL
BETSY BARROS
VALERIE BRATHWAITE NELSON, JJ.


2016-07442
2016-07444
 (Index No. 502563/13)

[*1]HSBC Bank USA, National Association, etc., respondent, 
v
Gabriel Gervais, et al., defendants, Nicole Bridges, appellant.


Dipo Akinola, Brooklyn, NY, for appellant.
Hogan Lovells US LLP, New York, NY (David Dunn, Chava Brandriss, Benjamin P. Jacobs, and Leah Rabinowitz Lenz of counsel), for respondent.



DECISION & ORDER
In an action to foreclose a mortgage, the defendant Nicole Bridges appeals from two orders of the Supreme Court, Kings County (Pamela L. Fisher, J.), both dated February 4, 2016. The first order, insofar as appealed from, upon an oral decision of the same court dated December 10, 2014, granted those branches of the plaintiff's unopposed motion which were for summary judgment on the complaint insofar as asserted against the defendant Nicole Bridges and for an order of reference. The second order denied the motion of the defendant Nicole Bridges, in effect, to vacate her default in appearing on her prior motion to vacate her default in opposing the plaintiff's motion.
ORDERED that the appeal from the first order is dismissed; and it is further;
ORDERED that the second order is affirmed; and it is further,
ORDERED that one bill of costs is awarded to the plaintiff.
In May 2013, the plaintiff commenced this action against the defendant Nicole Bridges, among others, to foreclose a mortgage. In September 2014, the plaintiff moved, inter alia, for summary judgment on the complaint insofar as asserted against Bridges and for an order of reference. Bridges failed to oppose the motion, and in an oral decision dated December 10, 2014, the Supreme Court determined that plaintiff's motion should be granted. In February 2015, Bridges moved, among other things, to vacate her default in opposing the plaintiff's motion. In an order dated March 24, 2015, the court denied Bridges's motion on the ground that she failed to appear in court on the return date of her motion. On or about April 20, 2015, Bridges moved, in effect, to vacate her default in appearing on her prior motion. In an order dated February 4, 2016, upon its oral decision, the court, inter alia, granted those branches of the plaintiff's motion which were for summary judgment on the complaint insofar as asserted against Bridges and for an order of reference. In a second order, also dated February 4, 2016, the court denied Bridges's motion, in effect, to vacate her default in appearing on her prior motion. Bridges appeals from both orders dated February 4, 2016.
The appeal from the first order must be dismissed, as Bridges did not oppose the plaintiff's motion, and no appeal lies from an order entered upon the default of the appealing party (see CPLR 5511; HSBC Bank USA, N.A. v Simms, 163 AD3d 930, 932; Morgan Stanley Mtge. Loan Trust [2007-8XS] v Harding, 141 AD3d 511).
On appeal, Bridges argues that she had a reasonable excuse for her default in opposing the plaintiff's motion because the plaintiff's moving papers were sent to the wrong address. This argument is improperly raised for the first time on appeal and, therefore, is not properly before this Court (see Bank of N.Y. Mellon Trust Co., N.A. v Sukhu, 163 AD3d 748, 751; Citimortgage, Inc. v Weaver, 163 AD3d 625, 626; Nationstar Mtge., LLC v Kamil, 155 AD3d 968, 969).
We agree with the Supreme Court that Bridges's conclusory allegations of fraud, which were contradicted by documents submitted in support of the plaintiff's motion, failed to establish a potentially meritorious defense (see Bank of N.Y. Mellon Trust Co., N.A. v Sukhu, 163 AD3d at 751; Morgan Stanley Mtge. Loan Trust [2007-8XS] v Harding, 141 AD3d at 512; First N. Mortgagee Corp. v Yatrakis, 154 AD2d 433, 434). Accordingly, we agree with the court's determination to deny Bridges's motion, in effect, to vacate her default in appearing on her prior motion.
RIVERA, J.P., LEVENTHAL, BARROS and BRATHWAITE NELSON, JJ., concur.
ENTER:
Aprilanne Agostino
Clerk of the Court