Wells Fargo Bank, N.A. v Ballard (2019 NY Slip Op 04225)





Wells Fargo Bank, N.A. v Ballard


2019 NY Slip Op 04225


Decided on May 29, 2019


Appellate Division, Second Department



Published by New York State Law Reporting Bureau pursuant to Judiciary Law § 431.


This opinion is uncorrected and subject to revision before publication in the Official Reports.



Decided on May 29, 2019
SUPREME COURT OF THE STATE OF NEW YORK
Appellate Division, Second Judicial Department

ALAN D. SCHEINKMAN, P.J.
JOHN M. LEVENTHAL
FRANCESCA E. CONNOLLY
VALERIE BRATHWAITE NELSON, JJ.


2017-01239
 (Index No. 709085/15)

[*1]Wells Fargo Bank, National Association, etc., respondent,
v
Joseph Ballard, Sr., etc., appellant, et al., defendants.


Barton Sobel, Great Neck, NY, for appellant.
Greenberg Traurig, LLP, New York, NY (Daniel R. Milstein and Ryan Sirianni of counsel), for respondent.



DECISION & ORDER
In an action to foreclose a mortgage, the defendant Joseph Ballard, Sr., appeals from a judgment of foreclosure and sale of the Supreme Court, Queens County (Leonard Livote, J.), entered July 2, 2018. The judgment, upon an order of the same court entered January 27, 2017, inter alia, granting that branch of the plaintiff's motion which was for summary judgment on the complaint insofar as asserted against that defendant, among other things, directed the sale of the subject property.
ORDERED that the judgment of foreclosure and sale is affirmed, with costs.
Generally, in moving for summary judgment, a plaintiff in a mortgage foreclosure action establishes its prima facie entitlement to judgment as a matter of law by producing the mortgage, the unpaid note, and evidence of the default (see James B. Nutter & Co. v Feintuch, 164 AD3d 485, 486; Onewest Bank, N.A. v Mahoney, 154 AD3d 770, 771; Deutsche Bank Trust Co. Ams. v Garrison, 147 AD3d 725, 726). In addition, where, as here, a plaintiff's standing to commence the foreclosure action is placed in issue by a defendant, it is incumbent upon the plaintiff to prove its standing to be entitled to relief (see Deutsche Bank Natl. Trust Co. v Brewton, 142 AD3d 683, 684; Wells Fargo Bank, N.A. v Arias, 121 AD3d 973, 974). "A plaintiff establishes its standing in a mortgage foreclosure action by demonstrating that, when the action was commenced, it was either the holder or assignee of the underlying note" (Dyer Trust 2012-1 v Global World Realty, Inc., 140 AD3d 827, 828; see Aurora Loan Servs., LLC v Taylor, 25 NY3d 355, 360-362; Flagstar Bank, FSB v Mendoza, 139 AD3d 898, 899). "Either a written assignment of the underlying note or the physical delivery of the note prior to the commencement of the foreclosure action is sufficient to transfer the obligation, and the mortgage passes with the debt as an inseparable incident" (Dyer Trust 2012-1 v Global World Realty, Inc., 140 AD3d at 828; see Aurora Loan Servs., LLC v Taylor, 25 NY3d at 361-362; U.S. Bank, N.A. v Collymore, 68 AD3d 752, 754).
The fact that a note, endorsed in blank, is annexed to the complaint at the time the action was commenced is generally sufficient to establish standing (see Deutsche Bank Natl. Trust Co. v Denardo, 167 AD3d 710; Nationstar Mtge., LLC v Rodriguez, 166 AD3d 990, 992; CitiMortgage, Inc. v McKenzie, 161 AD3d 1040, 1041). Here, in support of its motion, the plaintiff submitted a copy of the summons and complaint. Paragraph two of the complaint alleged that the [*2]note was annexed to the complaint as Exhibit A. Although the copy of the complaint that was submitted in support of the motion did not include the attachment, we take judicial notice of the fact that the original complaint filed in the action, available electronically on the New York State Courts Electronic Filing System, included the note as an attachment (see Caffrey v North Arrow Abstract & Settlement Servs., Inc., 160 AD3d 121, 126-127; Brandes Meat Corp. v Cromer, 146 AD2d 666, 667). Accordingly, the plaintiff met its burden of demonstrating that it had standing to commence this action. In opposition, the appellant failed to raise a triable issue of fact (see generally Alvarez v Prospect Hosp., 68 NY2d 320, 324). The appellant's attempt to question the validity of the note by pointing to the endorsement of a note purportedly submitted in a prior withdrawn foreclosure action was based on pure speculation and did not provide a sufficient basis to deny the motion.
The appellant's contention that the plaintiff failed to establish compliance with a condition precedent in the mortgage may not be considered, as this defense was never raised in the appellant's answer, in any motion by the appellant to amend the answer, or in response to the plaintiff's motion, inter alia, for summary judgment (see CPLR 3015[a]; Igbara Realty Corp. v New York Prop. Ins. Underwriting Assn., 63 NY2d 201, 210; Signature Bank v Epstein, 95 AD3d 1199, 1200-1201; First N. Mortgagee Corp. v Yatrakis, 154 AD2d 433). This defense may not be raised for the first time on appeal (see First N. Mortgagee Corp. v Yatrakis, 154 AD2d at 433-434).
The appellant's remaining contention is without merit.
Accordingly, we agree with the Supreme Court's determination to grant that branch of the plaintiff's motion which was for summary judgment on the complaint insofar as asserted against the appellant.
SCHEINKMAN, P.J., LEVENTHAL, CONNOLLY and BRATHWAITE NELSON, JJ., concur.
ENTER:
Aprilanne Agostino
Clerk of the Court