Padia v Toha (2023 NY Slip Op 02591)

Padia v Toha

2023 NY Slip Op 02591

Decided on May 11, 2023

Appellate Division, First Department

Published by New York State Law Reporting Bureau pursuant to Judiciary Law § 431.

This opinion is uncorrected and subject to revision before publication in the Official Reports.

Decided and Entered: May 11, 2023

Before: Oing, J.P., Singh, González, Kennedy, Scarpulla, JJ. 

Index No. 655517/18 Appeal No. 232 Case No. 2022-03733 

[*1]Harsh Padia, Plaintiff-Respondent,
v
Martin Toha, Defendant-Appellant.

The Price Law Firm LLC, New York (Joshua C. Price of counsel), for appellant.
Rosen Law LLC, Great Neck (Gary S. Rosen of counsel), for respondent.

Judgment, Supreme Court, New York County (Nancy M. Bannon, J.), entered July 21, 2022, awarding plaintiff landlord money damages, and bringing up for review an order, same court and Justice, entered April 18, 2022, which granted in part plaintiff's motion for summary judgment on the first cause of action for unpaid rent for July and August 2018, unanimously affirmed, without costs.
The motion court properly granted plaintiff partial summary judgment under CPLR 3212(e)(1) on the claim for unpaid rent. Defendant tenant failed to establish that he has been prejudiced by the entry of the judgment against him while his counterclaims are still pending (see Trans World Maintenance Servs. v Luna Park Hous. Corp., 157 AD2d 586, 587-588 [1st Dept 1990]). The record does not reflect circumstances in which defendant will be unable to recover from plaintiff, should he prevail on his counterclaims, that would warrant a stay of enforcement of the judgment until his counterclaims are resolved (see id.). To the extent defendant may be entitled to a rent abatement based on the allegations in his counterclaims, those amounts can be determined at trial (see e.g. P62 LLC v WFP Retail Co. L.P., 191 AD3d 583, 584 [1st Dept 2021]). Contrary to defendant's contention, no attorneys' fees were awarded in the appealed order or judgment, and therefore his arguments as to whether plaintiff is entitled to attorneys' fees under the lease must also await trial (id.).
We have considered defendant's remaining contentions and find them unavailing.THIS CONSTITUTES THE DECISION AND ORDER
OF THE SUPREME COURT, APPELLATE DIVISION, FIRST DEPARTMENT.
ENTERED: May 11, 2023