PPC Residential LLC v Urtarte (2025 NY Slip Op 51391(U))

[*1]

PPC Residential LLC v Urtarte

2025 NY Slip Op 51391(U)

Decided on September 3, 2025

Civil Court Of The City Of New York, Bronx County

Lutwak, J.

Published by New York State Law Reporting Bureau pursuant to Judiciary Law § 431.

This opinion is uncorrected and will not be published in the printed Official Reports.

Decided on September 3, 2025
Civil Court of the City of New York, Bronx County

PPC Residential LLC, Petitioner (Landlord),

against
Sharday Urtarte, Respondent (Tenant).

Index No. LT-318922-24/BX

Attorneys for Petitioner:
Peter Adam Rose, Esq.
Rose & Rose
291 Broadway, 13th Floor
New York, New York 10007
(212) 349-3366
general@roseandroselaw.com
Attorneys for Respondents:
Allison Nicole Smith, Esq.
Bronx Legal Services
369 East 148th Street, 2nd Floor
Bronx, New York 10455
(718) 928-3689
ANSmith@lsnyc.org

Diane E. Lutwak, J.

Recitation, as required by CPLR Rule 2219(a), of the papers considered in the review of petitioner's motion by order to show cause to dismiss or transfer respondent's counterclaims or, if such dismissal or transfer is not granted, join "Board of Directors of the Parkchester South Condominium" as a party and extend petitioner's time to file a reply to respondent's counterclaims:
Papers NYSCEF Doc #
Petitioner's Order to Show Cause 19/27/28
Attorney's Affirmation in Support 20
Agent's Affirmation in Support 21
Exhibits A-E in Support 22-26
Affirmation of Service of Order to Show Cause 29
Attorney's Affirmation in Opposition 30
Attorney's Affirmation in Reply 31
Upon the foregoing papers, and for the reasons set forth below, petitioner's order to show cause is denied to the extent it seeks dismissal or transfer of respondent's counterclaims, denied to the extent it seeks leave to file a late reply, and granted to the extent it seeks joinder of the "Board of Directors of the Parkchester South Condominium" (the South Condo) as a party.
BACKGROUND & PROCEDURAL HISTORY
This is a nonpayment eviction proceeding which first appeared on the court's calendar on November 18, 2024 after respondent pro se answered the petition on June 24, 2024. In her answer, respondent raised a general denial and defenses of improper identification of her name; payment/partial payment; and breach of the warranty of habitability. Respondent also noted in her answer that she had "Applied for a one shot deal with HRA." Respondent thereafter retained counsel who filed two motions: 
(1) The first, filed November 14, 2024, sought leave to file an amended answer, raising seven affirmative defenses including, inter alia, defective rent demand and breach of the warranty of habitability with a specified list of unaddressed conditions (building-wide lack of gas, intermittent lack of water, cockroach infestation, and water leaks with resulting damage and mold). The proposed amended answer also included two counterclaims seeking an abatement of rent due to breach of the warranty of habitability and an order to correct the alleged conditions.
(2) The second, filed February 6, 2025, sought dismissal of the petition based on the defense that it was based on a defective, unamendable rent demand.
Petitioner filed no opposition to either of respondent's motions. By Decision/Order dated April 10, 2025 Housing Court Judge Hassan consolidated and granted both, deeming respondent's proposed amended answer duly served and filed nunc pro tunc, dismissing the petition without prejudice and setting the matter down for a pre-trial conference on respondent's counterclaims. On May 15, 2025 Judge Hassan transferred the case to Part X for assignment to a Trial Part. On June 11, 2025 the case was adjourned to July 17, 2025 by two-attorney stipulation with access dates for repairs. 
Also on June 11, 2025, petitioner filed the order to show cause (OSC) now before the court for determination, seeking either dismissal of respondent's counterclaims under CPLR R 3211(a)(2) due to lack of subject matter jurisdiction or mootness or transfer of those counterclaims to Supreme Court or Civil Court under Article VI, § 19(f) of the New York State Constitution. Petitioner cites to various case law including, Steinmetz v Oyala (71 Misc 3d 129[A], 142 NYS3d 273 [App Term 2nd Dep't 2021]), in which the appellate court upheld the lower court's denial of the petitioner-landlord's motion to restore a holdover proceeding for trial on monetary issues after the respondent-tenant had been evicted, finding that "the court no longer retained jurisdiction after the execution of the warrant to entertain landlord's motions", and 1472 Props, LLC v Solanki (52 Misc 3d 139[A], 41 NYS3d 720 [App Term 2nd Dep't 2016]), in which the appellate court reversed the lower court's order granting the respondent-tenant's post-eviction motion for a money judgment in a holdover proceeding that had been settled by a "keys for cash" agreement, finding the court lacked jurisdiction to entertain the motion as, "the summary proceeding had terminated and was no longer pending following tenant's eviction". In [*2]support of it argument that respondent's claim is moot petitioner cites 56-11 94th St Co LLC v Jara (64 Misc 3d 1212[A], 116 NYS3d 866 [Civ Ct Qns Co 2019]), a nonpayment proceeding in which Housing Court Judge Guthrie first granted the dismissal branch of the respondent-tenant's motion, based on a defective rent demand, and then denied as moot that branch of the motion seeking leave to file an amended answer.
Alternatively, if the court does not dismiss or transfer respondent's counterclaims, petitioner seeks an order joining the "Board of Directors of the Parkchester South Condominium" (the South Condo) as a party under CPLR § 1001(a), CPLR § 401 and New York City Civil Court Act (NYC CCA) § 110(d) and extending its time to file a reply to respondent's counterclaims. Petitioner asserts that the South Condo is the deed owner of the apartment that respondent leases and while petitioner "has power over repairs which emanate from conditions within the '4 walls' of the unit [it] does not have power or control over the common elements of the building [which] are under exclusive power and control of the 'Condo'." Attorney's Affirmation in Support at ¶ 7; Agent's Affirmation in Support at ¶ 5.
Respondent opposes petitioner's motion, arguing that dismissal or transfer of her counterclaims is unwarranted as Housing Court is not stripped of jurisdiction because of subsequent actions taken by a party before the proceeding has terminated. Respondent cites to Four Forty-One Holding Corp v Bloom (148 Misc 565, 567-68 [App Term 1st Dep't 1933]), and Torres v Torres (13 Misc 3d 1167, 1170-71 [Civ Ct Kings Co 2006]), for the principle that a landlord's claims for rent or use and occupancy can continue to be litigated even though possession is no longer at issue, and cites to, inter alia, PWV Acquisition, LLC v Paradise (59 Misc 3d 130[A], 100 NYS3d 611 [App Term 1st Dep't 2018]); R & O Mgt Corp v Ahman (12 Misc 3d 85 [App Term 2nd Dep't 2006]), and 13 E 9th St LLC v Seelig (63 Misc 3d 1218[A]), 114 NYS3d 817 [Civ Ct NY Co 2019]), for the principle that a tenant's counterclaims may be tried even after dismissal of a landlord's claim for nonpayment of rent. Respondent also asserts that this court has jurisdiction over her counterclaim seeking an order to correct under Civil Court Act § 110(a). Further, respondent argues that while Supreme Court may have jurisdiction over respondent's counterclaims, that is not a reason to transfer her counterclaims to that court. 
Respondent does not object to joinder of South Condo as a party, although she has no contractual agreement with that entity, McCarthy v Bd of Managers (271 AD2d 247, 706 NYS2d 104 [1st Dep't 2000]), and disputes that such joinder is required for her to pursue her abatement claim against petitioner for breach of the warranty of habitability, which is implied in their rental agreement under RPAPL § 235-b(1). 
Respondent opposes petitioner's request for leave to file an untimely answer to respondent's counterclaims, pointing out that respondent filed her proposed amended answer raising those counterclaims on November 14, 2024. Petitioner failed both to include a proposed answer with its motion papers and to provide any reason why it did not file its answer following Judge Hassan's Decision/Order of April 10, 2025.
On reply, petitioner argues that the cases respondent cites to are distinguishable on their facts. Petitioner further argues that appellate authority does not permit counterclaims to be added after dismissal of the main claim, citing to First Northern Mortgagee Corp v Yatrakis (154 AD2d 433, 546 NYS2d 9 [2nd Dep't 1989])(finding appellant waived its right to assert a specified defense as it was raised for the first time on appeal, not in their answer or in a motion to amend the answer or in opposition to the plaintiff's summary judgment motion), and Lighting Horizons, Inc v E A Kahn & Co (120 AD2d 648, 649, 502 NYS2d 398, 399 [2nd Dep't [*3]1986])(denying defendant's cross-motion to answer as moot after granting plaintiff's insufficiently opposed summary judgment motion). Petitioner also cites to Trans World Maint Servs, Inc v Luna Park Hous Corp (157 AD2d 586, 550 NYS2d 332 [1st Dept 1990])(reversing lower court's denial of defendant's cross-motion to amend its answer where only partial summary judgment had been granted to plaintiff on its motion). 
Regarding its request for time to file a reply to respondent's counterclaims, petitioner cites to 515 E 81st LLC v Weston (86 Misc 3d 131, 233 NYS3d 884 [App Term 1st Dep't 2025]), a holdover proceeding based on alleged failure to provide access in which the lower court held a trial on the tenant's counterclaims for breach of the warranty of habitability and harassment after the landlord withdrew its petition. While the petitioner did not file a reply to respondent's counterclaims, in affirming the lower court in part and remanding for a new trial in part the appellate court noted, "As the trial court acknowledged, landlord was not required to serve an answer to tenant's warranty of habitability counterclaim (see CCA 907 [a])."
The proposed added party — the South Condo — has not appeared or filed any opposition. Petitioner had sought permission, which the court granted, in its OSC to serve the South Condo in care of Fasulo, Giordano & DiMaggio, LLP, a law firm with an address at 225 Broadway in Manhattan.[FN1]

DISCUSSION
As an initial matter, as discussed on the record at oral argument on August 27, 2025, the caption of this proceeding has been amended nunc pro tunc and on consent of both parties to reflect the correct spelling of respondent's last name.
Petitioner's request for dismissal or transfer of respondent's counterclaims based on alleged breach of the warranty of habitability is denied. Such counterclaims - based on one of the most common set of factual allegations and legal claims encountered in an answer to a nonpayment or holdover eviction proceeding — are permissible, and routinely decided, Park West Management Corp v Mitchell (47 NY2d 316, 391 NE2d 1288, 418 NYS2d 310 [1979]); Minjak Co v Randolph (140 AD2d 245, 528 NYS2d 554 [1st Dep't 1988]), even after dismissal or withdrawal of the petition, 515 E 81st LLC v Weston (86 Misc 3d 131, 233 NYS3d 884 [App Term 1st Dep't 2025]); Dunbar Owner LLC v Jones (54 Misc 3d 134[A], 52 NYS3d 246 [App Term 1st Dep't 2017]); 13 E 9th St LLC v Seelig (63 Misc 3d 1218[A], 114 NYS3d 817 [Civ Ct NY Co 2019]); Graham Court Owners Corp v Thomas (62 Misc 3d 1088, 94 NYS3d 788 [Civ Ct NY Co 2019]). 
Moreover, here, Housing Court Judge Hassan already determined the issue in her Decision/Order of April 10, 2025, which first granted respondent's motion for leave to amend her answer and deemed her proposed amended answer duly served and filed nunc pro tunc. That amended answer includes two affirmative defenses challenging the sufficiency of petitioner's predicate rent demand. Judge Hassan went on to grant respondent's motion for dismissal on those grounds and to set respondent's counterclaims down for trial. Petitioner filed no opposition to respondent's motion, and neither sought to reargue or appeal Judge Hassan's Decision/Order. [*4]The case of 56-11 94th St Co LLC v Jara (64 Misc 3d 1212[A], 116 NYS3d 866 [Civ Ct Qns Co 2019]), which petitioner cites in both its original papers and on reply, is not on point because Housing Court Judge Guthrie in that case first granted the dismissal branch of the respondent-tenant's motion, and then denied respondent's request for leave to file an amended answer as moot.
Regarding joinder of the South Condo as a party, CPLR § 1001(a) requires joinder of parties where necessary to accord complete relief between the parties to the action or where they might be inequitably affected by a judgment, and CPLR § 1002 permits joinder against a party as to whom "there is asserted any right to relief jointly, severally, or in the alternative, arising out of the same transaction, occurrence, or series of transactions or occurrences if any common question of law or fact would arise." In special proceedings such as this nonpayment proceeding under Article 7 of the RPAPL, such joinder is permitted "by leave of court". CPLR § 401. Under Civil Court Act § 110(d), "on the application of any party the court may join any other person or city department as a party in order to effectuate proper housing maintenance standards and to promote the public interest." 
Petitioner's agent at ¶ 5 of their affirmation asserts that joinder of the South Condo is necessary because,
Petitioner only can control and have the ability to repair conditions which emanate from within the "4 walls" of the unit. Any conditions requiring repair that emanate from common elements (for instance, pipe issues which are behind walls, floors and ceilings), are the responsibility of South Condo to repair. Joinder of South Condo will ensure that proper responsibility is assigned to the proper party as to any repairs the Court determines required. It will also impact any rent abatement that Respondent could receive, as, if the repair(s) required are ones Petitioner cannot repair or access (i.e., one in a "common elements" area), then we submit the Petitioner did not breach the warranty of habitability.
Generally, it is a condominium's bylaws that determine which repairs are the responsibility of a unit owner and which are the responsibility of the condominium. See, e.g., Davis v Prestige Mgmt Inc (98 AD3d 909, 951 NYS2d 147 [1st Dep't 2012]). While petitioner's moving papers do not include a copy of South Condo's bylaws, see generally Konami v Galleria Condo Ass'n, Inc (2013 NY Slip Op 31378[U], ¶ 5 [Sup Ct NY Co 2013]), petitioner's request to join South Condo is unopposed and will be granted. The issues of who is responsible to compensate respondent for any breach of the warranty of habitability and who is responsible to correct conditions will be determined at trial.
A reply to a counterclaim is one of the kinds of pleading contemplated by the CPLR, both in actions, CPLR § 3011, and special proceedings, CPLR § 402. In special proceedings, under New York City Civil Court Act § 907 a reply to a counterclaim is not required; however, also under that provision, "If the plaintiff elects voluntarily to reply, [they] shall do so within ten days after service of the answer containing the counterclaim. In the absence of a reply the allegations of the counterclaim shall be deemed denied by the plaintiff." Under CPLR § 3012, the court may extend the time to file a pleading, "or compel the acceptance of a pleading untimely served, upon such terms as may be just and upon a showing of reasonable excuse for delay or default."
Here, Judge Hassan in her Decision/Order of April 10, 2025, filed on NYSCEF on that date [NYSCEF Doc #15], deemed respondent's proposed amended answer filed on November [*5]14, 2024 [NYSCEF Doc #9] - including two counterclaims - to have been duly served and filed. Petitioner's OSC seeking, in the alternative, time to file a reply to those counterclaims, was filed two months later, on June 11, 2025. While this court has the discretion to permit an untimely-filed reply to counterclaims to prevent a default, it cannot be said here that, "any failure to timely serve a reply was not part of a demonstrable pattern of willful delay". Bd of Managers of the Atrium Condo v W 79th St Corp (17 AD3d 108, 792 NYS2d 444 [1st Dep't 2005]). Petitioner's motion papers include neither "a showing of reasonable excuse for delay or default" nor a copy of the proposed reply. Further, petitioner filed no opposition to respondent's motion to file such amended answer with counterclaims. On the facts presented, there is no basis for the court to exercise its discretion to permit petitioner to file a late reply to respondent's counterclaims. Accordingly, under NYC CCA § 907 petitioner's reply shall be deemed to be a denial.
CONCLUSION
Based on the foregoing, it is hereby ORDERED that petitioner's motion is denied in part and granted in part as follows:
(1) Petitioner's motion to dismiss or transfer Respondent's counterclaims is DENIED; AND
(2) Petitioner's motion to join "Board of Directors of the Parkchester South Condominium" as a party is GRANTED and the caption of this proceeding shall be amended to include "Board of Directors of the Parkchester South Condominium" as a Third-Party Respondent; AND
(3) Petitioner shall serve a copy of this Decision/Order on "Board of Directors of the Parkchester South Condominium" and its managing agent at their address listed on the DHPD multiple dwelling registration website (2000 East Tremont, 2nd floor, Bronx, New York 10462), as well as on the attorneys upon whom Petitioner served this OSC, by first-class and certified mail, return receipt request by September 8, 2025; AND
(4) Petitioner shall file proof of service of a copy of this Decision/Order as set forth above on NYSCEF by September 10, 2025; AND
(5) "Board of Directors of the Parkchester South Condominium" shall file an answer to Respondent's counterclaims on NYSCEF by September 26, 2025; AND
(6) This proceeding is restored to the court's calendar for pre-trial settlement conference on October 3, 2025 at 9:30 a.m.
This constitutes the Decision and Order of this Court, which is being uploaded on NYSCEF.
Diane E. Lutwak, H.C.J.
Dated: September 3, 2025
Bronx, New York

Footnotes

Footnote 1:Petitioner did not also seek permission to serve (and did not allege service on) the South Condo at their address listed on the New York City Department of Housing Preservation and Development's (DHPD) website: 2000 East Tremont, 2ND FL, Bronx, 10462.