■ PAUL CAMARDA, Respondent, v DANZIGER, BANGSER & WEISS, Formerly DANZIGER, BANGSER, KLIPSTEIN, GOLDMSITH & GREENWALD, et al., Appellants, et al., Defendant.—Order, Supreme Court, Bronx County (Jack Turret, J.), entered July 14, 1989, which, *inter alia,* denied the motion of defendants Danziger, Bangser & Weiss and Lawrence Bangser, individually, to dismiss the complaint pursuant to CPLR 3211 (a) (7), unanimously affirmed, without costs.

Plaintiff commenced the underlying action for legal malpractice against the defendants to recover for alleged negligent representation in connection with the sale of plaintiff's shares in Avalon Industries, Inc., a Brooklyn-based concern which manufactured toys. Plaintiff's complaint, when given the benefit of every favorable inference *(Rovello v Orofino Realty Co.,* 40 NY2d 633, 634), states a cause of action for legal malpractice. The complaint can be read to allege that defendants' representation fell below the ordinary and reasonable skill and knowledge commonly possessed by members of the legal profession in that given the facts known, they failed to advise plaintiff that the leveraged buyout could be viewed as a fraudulent conveyance in violation of applicable law.

An attorney may "take chances" and may not be held liable for malpractice where the error is one of judgment *(Parksville Mobile Modular v Fabricant,* 73 AD2d 595). Defendants argue that such is the case herein. However, questions of fact exist as to whether defendants acted reasonably in failing to advise the plaintiff of the possibility that a heavily leveraged buyout could be viewed as a fraudulent conveyance under various

applicable sections of the Debtor and Creditor Law. Concur—Ross, J. P., Rosenberger, Asch, Kassal and Wallach, JJ.