OPINION OF THE COURT
Smith, J.
The issue before this Court is whether a client has a cause of action for legal malpractice where that client signed a revised settlement stipulation without reading it, relying on its attorney’s misstatement that the stipulation was changed to cor *302 rect only one typographical error. We conclude that the client has stated a cause of action for legal malpractice sufficient to survive a motion to dismiss.
Plaintiffs Arnav Industries Retirement Trust and Rochel Properties settled their claim against David Schick for unpaid loans. The settlement agreement required Schick to make payments totaling $2,500,000, and it permitted plaintiffs to obtain an immediate judgment for the full $6,023,702.95 owed if Schick defaulted on any payment. Schick made an initial payment of $420,000, leaving $2,080,000 unpaid.
Plaintiffs retained defendant law firm to prepare the stipulation of settlement. Defendant sent a copy of the stipulation to plaintiffs, which Joseph Wassner, trustee of the plaintiff Arnav and officer of plaintiff Rochel, allegedly read, then executed and returned. Days later, defendant forwarded a revision of the stipulation, advising plaintiffs that the revision corrected a typographical error in the first paragraph, as the second version correctly stated the amount of the settlement to be $2,080,000 rather than $2,800,000. Defendant allegedly advised Wassner that the terms of the revised stipulation were identical to the first version except for the identified typographical error. Wassner averred that in reliance upon that advice, he did not read through the second version of the stipulation before signing and returning it to defendant. The revision, however, erroneously stated in paragraph 13, that the amount of judgment upon Schick’s default was $2,080,000 rather than $6,023,702.95. Schick made one more payment of $100,000 under the stipulation, then defaulted.
Pursuant to the stipulation, defendant had judgment entered in both New York County and Kings County against Schick in the amount of $1,980,000, representing the amount due plaintiffs in accordance with paragraph 13 of the stipulation of settlement less amounts received, plus interest, for a total sum of $2,021,986.85. Later that month, Schick was the subject of an involuntary bankruptcy. His payment of $100,000 was treated as a preferential transfer, and plaintiffs were required to pay the sum to the bankruptcy trustee. Plaintiffs settled the claim against Schick in the bankruptcy proceeding.
Thereafter, plaintiffs commenced this legal malpractice action, arguing that defendant negligently prepared the revised stipulation of settlement. In the second count, plaintiffs asserted that defendant was negligent in failing to have the judgment entered in Kings County, the county in which Schick *303 resided, and that this negligence required plaintiffs to make the preference payment in the bankruptcy proceeding.
On defendant’s motion, Supreme Court dismissed the complaint. The court relied on the general rule that a party who executes an agreement is bound by the agreement notwithstanding a failure to read it. The court further reasoned that plaintiffs’ failure to read the stipulation in reliance upon defendant’s alleged assertion that the first paragraph contained only typographical changes did not constitute a valid excuse because the first paragraph contained factual matters that were absent from the original. The Appellate Division affirmed in a 3-2 decision. The two dissenting Justices concluded that the defendant’s alteration of the 13th paragraph of the stipulation, materially reducing the amount to be paid to plaintiffs in the event of Schick’s default, together with the specific misstatement that there was only one change in the document necessitating plaintiffs’ attention, constituted the basis of a cognizable claim for legal malpractice. Plaintiffs appeal on the basis of the two-Judge dissent at the Appellate Division on a question of law (see, CPLR 5601 [a]).[1]
On this appeal, plaintiffs argue that their failure to read the second version of the stipulation in its entirety and to notice changes other than the typographical changes their attorney had represented to be the only changes to the stipulation does not defeat their cause of action against their attorneys for professional negligence. We agree.
“On a motion to dismiss pursuant to CPLR 3211, the pleading is to be afforded a liberal construction (see, CPLR 3026). We accept the facts as alleged in the complaint as true, accord plaintiffs the benefit of every possible favorable inference, and determine only whether the facts as alleged fit within any cognizable legal theory. * * * [Dismissal is warranted only if the documentary evidence submitted conclusively establishes a defense to the asserted claims as a matter of law” (Leon v Martinez, 84 NY2d 83, 87-88 [citations omitted]). To sustain a cause of action for legal malpractice, moreover, a party must show that an attorney failed to exercise the reasonable skill and *304 knowledge commonly possessed by a member of the legal profession (Darby & Darby v VSI Intl., 95 NY2d 308, 313; see also, Prosser and Keeton, Torts § 32, at 185-193 [5th ed]).
Assuming the facts as pleaded to be true, plaintiffs have adequately stated a cause of action for their law firm’s professional negligence. The verified complaint alleges that plaintiffs retained defendant to prepare the stipulation of settlement, that defendant negligently prepared the stipulation by erroneously stating the amount of the judgment of default to be $2,080,000 and that plaintiffs were damaged in the approximate amount of $4,000,000. These facts, for present purposes, sufficiently allege that defendant failed to exercise the reasonable skill and diligence commonly possessed by members of the legal profession.
In addition, the documentary evidence submitted does not conclusively establish a defense to the negligence claim as a matter of law. As the trial court noted, and the Appellate Division affirmed, the first and second versions of the stipulation of settlement differ in that the second version contains factual matters that the first version does not. In addition to providing the correct settlement amount as $2,500,000, the second version recites that Schick had already paid $420,000, leaving a balance of $2,080,000. That the versions differ, however, does not establish that plaintiffs’ excuse for not reading the stipulation is invalid.
Plaintiffs’ representative, Wassner, averred that within days of his executing the first version of the stipulation, defendant informed him of a typographical error in paragraph one, which Wassner confirmed upon reexamination: the total remaining payment to be made by Schick was incorrectly recorded as $2,800,000 rather than $2,080,000. Wassner further averred that when he received the second version of the stipulation, he did not review the entire document in reliance upon defendant’s assertion that the two versions differed only as to the typographical correction. Viewing plaintiffs’ asserted reliance in a light most favorable to the plaintiffs, as we must at this stage of the proceeding, we cannot conclude that said reliance negated plaintiff’s claim of legal malpractice. To be sure, as defendant contends, a party who signs a document is conclusively bound by its terms absent a valid excuse for having failed to read it (Gillman v Chase Manhattan Bank, 73 NY2d 1; Pimpinello v Swift & Co., 253 NY 159; Metzger v Aetna Ins. Co., 227 NY 411). Plaintiffs, however, have not tried to avoid the terms of the stipulation and were bound by the terms of *305 the agreement, which limited the judgment amount to approximately $2 million when judgment was entered. Nevertheless, the binding nature of that agreement between plaintiffs and a third party is not a complete defense to the professional malpractice of the law firm that generated the agreement to its client’s detriment.[2]
Accordingly, the present appeal, insofar as taken from that part of the Appellate Division order that affirmed the denial of plaintiffs’ cross motion to amend the complaint, should be dismissed upon the ground that that part of the Appellate Division order does not finally determine the action within the meaning of the Constitution. On plaintiffs’ appeal from the remainder of the Appellate Division order, the order should be modified, with costs to plaintiffs, by reinstating the first cause of action and, as so modified, affirmed.
Chief Judge Kaye and Judges Levine, Ciparick, Wesley, Rosenblatt and Graffeo concur.
Appeal, insofar as taken from that part of the Appellate Division order that affirmed the denial of plaintiffs’ cross motion to amend the complaint, dismissed upon the ground that such part of the Appellate Division order does not finally determine the action within the meaning of the Constitution. On plaintiffs’ appeal from the remainder of the Appellate Division order, order modified, with costs to plaintiffs, by reinstating the first cause of action and, as so modified, affirmed.

. The Appellate Division also affirmed the denial of plaintiffs’ cross motion to amend their complaint, and plaintiffs continue to assert on this appeal that this was error. Insofar as plaintiffs contest the denial of their cross motion to amend their complaint, that part of the Appellate Division order is nonfinal and, as it does not necessarily affect the final determination, is not brought up for review by this Court on the appeal from the final portion of the Appellate Division order (see, Best v Yutaka, 90 NY2d 833, 834).

. The culpable conduct of a plaintiff dient in a legal malpractice action may be pleaded by the defendant attorney, by way of affirmative defense, as a mitigating factor in the attorney’s negligence (see, Cicorelli v Capobianco, 89 AD2d 842, mod 90 AD2d 524, affd 59 NY2d 626).