■ JANET CALLAGHAN, Appellant, v SUSAN GOLDSWEIG, ESQ., et al., Respondents. [777 NYS2d 60]—

Order, Supreme Court, New York County (Marilyn Shafer, J.), entered January 31, 2003, which, to the extent appealed from, dismissed the claim of fraudulent representation against defendant Goldsweig, dismissed claims of legal malpractice and violation of Judiciary Law § 487 against defendant Grae, required repleading of the claim for breach of fiduciary duty against Grae and the section 487 and fiduciary duty claims against defendant Berke, and dismissed the claim of fraudulent conveyance against Berke, unanimously affirmed, with costs.

Defendants are alleged to have assisted or participated in the representation of plaintiff in her divorce action. With regard to the repleading directive, the poorly drafted complaint and attached exhibits contained many irrelevancies, to the point of being excessively burdensome, and some factual allegations even appeared under the wrong cause of action.

Accepting as true the facts as alleged in the complaint (*219 Broadway Corp. v Alexander's, Inc.*, 46 NY2d 506 [1979]), as well as all reasonable inferences to be gleaned therefrom (*see McGill v Parker*, 179 AD2d 98, 105 [1992]), the claim for fraudulent representation against Goldsweig still failed to state a cause of action. It does not appear that Goldsweig was trying to conceal her inability to serve as plaintiff's attorney of record: there was no sign on her office door holding her out as an attorney, and she told plaintiff that she "couldn't do the divorce" and would arrange for another attorney to handle it. Goldsweig's failure to spell out that she was no longer a member of the bar does not, under these circumstances, amount to misrepresentation of a material existing fact, an essential element in a cause of action for fraud (*see New York Univ. v Continental Ins. Co.*, 87 NY2d 308, 318 [1995]).

Grae's failure to acknowledge uncertainty over the facts surrounding plaintiff's daughter's injury, prior to his preparation and submission of plaintiff's affidavit alleging that her husband had abused the child, did not state a viable cause of action for legal malpractice. This would constitute an expectation beyond "the reasonable skill and knowledge commonly possessed by a member of the legal profession" (*see Arnav Indus., Inc. Retirement Trust v Brown, Raysman, Millstein, Felder & Steiner*, 96 NY2d 300, 303-304 [2001]). Plaintiff never alleged that Grae knew the statements in the affidavit were false when he submitted it, and thus did not spell out a violation of section 487. Indeed, plaintiff took the converse position when she alleged that Berke later "falsely retract[ed] every allegation she had correctly made against her husband."

There is no indication that plaintiff's due process rights were

substantially prejudiced, inasmuch as she does not challenge the court's reasoning in dismissing the fraudulent conveyance claim sua sponte (*see Greene v Davidson*, 210 AD2d 108, 109 [1994], *lv denied* 85 NY2d 806 [1995]). We have considered plaintiff's other arguments and find them unavailing. Concur—Nardelli, J.P., Andrias, Ellerin, Lerner and Marlow, JJ.