OPINION OF THE COURT
Larry D. Martin, J.
Defendants move to dismiss the complaint pursuant to CPLR 3211 (a) (7), (5) and (8).
*903 Beverly Goldman was employed as an administrative assistant, from March 2001 through June 2006, by the defendant, Dr. Joseph Stein, in his medical office in Brooklyn. Among her duties were billing insurance companies and maintaining patient relations and scheduling. Ms. Goldman claims that during her employment in Dr. Stein’s office, she was “morbidly obese.” Furthermore, Ms. Goldman asserts that she became pregnant in September 2005 and gave birth to her daughter on June 21, 2006.
Sometime prior to her daughter’s birth, Ms. Goldman had a discussion with the defendant, Dina Stein, who was married to Dr. Stein and served as the office manager for his practice, about taking a leave of absence after giving birth. Ms. Goldman stated that Mrs. Stein advised her that the office would allow “six weeks unpaid leave for childbirth.” Nevertheless, Ms. Goldman avers that she was “terminated” from her position, on or about August 2, 2006, whereupon Mrs. Stein informed her not to return to the medical office.
In addition to the foregoing, the plaintiff asserts that she was subjected to verbal harassment while performing her duties in Dr. Stein’s medical office. In this connection, Ms. Goldman avers that, “at least two (2) to three (3) times a day,” she was the subject of remarks made by Dina Stein’s mother (Dr. Stein’s mother-in-law), Rachel Reichmann (named herein as Jane Doe) as follows: “oh you can’t do anything all you do is sit like a glump” and “you are so fat, so heavy.” Ms. Goldman asserts that such comments created a hostile work environment and that such comments were condoned by Dr. and Mrs. Stein insofar as they did not repudiate them nor did they discipline Mrs. Reichmann for intoning such remarks.
By complaint dated March 26, 2007, plaintiff commenced the instant action against Dr. and Mrs. Stein, as well as Jane Doe (now identified as Rachel Reichmann) alleging violations of title VII of the Civil Rights Act of 1964 (42 USC § 2000e et seq.), as amended by the Pregnancy Discrimination Act of 1978 (adding USC § 2000e [k]), and the Americans with Disabilities Act of 1990 (42 USC § 12101 et seq.). In addition, the complaint alleges violations of the New York State Human Rights Law (Executive Law art 15). Defendants now move to dismiss the complaint.
When deciding a motion to dismiss pursuant to CPLR 3211 (a) (7), the court must afford the subject pleading every favorable inference, and must restrict its review to determining whether or not the facts alleged fit any cognizable legal theory *904 (see Arnav Indus., Inc. Retirement Trust v Brown, Raysman, Millstein, Felder & Steiner, 96 NY2d 300 [2001]; Leon v Martinez, 84 NY2d 83 [1994]).
Initially, the court notes that in her memorandum of law in opposition to the motion, plaintiff unequivocally withdrew any asserted claims within the purview of federal law. Accordingly, the court hereby grants that branch of the motion which seeks to dismiss Ms. Goldman’s claims under federal law.
Inasmuch as the gravamen of the plaintiffs remaining claims are asserted pursuant to New York State Human Rights Law (Executive Law art 15), the court’s function is to merely determine whether or not the complaint adequately states a cause of action for discrimination under New York law. Since the court finds that the complaint does not set forth sufficient facts to state a cause of action under Executive Law article 15, the complaint must be dismissed.
Pursuant to Executive Law, article 15, § 292 (5), the term “employer” does not include “any employer with fewer than four persons in his employ.” Pursuant to subdivision (6) thereof, the term “employee” in article 15 “does not include any individual employed by his or her parents, spouse or child.” In according the complaint every favorable inference, the court finds that Ms. Goldman has set forth sufficient facts to establish that she was terminated from her employment with Dr. Stein due to her pregnancy. However, the court further finds that the medical office of Dr. Stein is not an employer covered by Executive Law article 15.
The parties essentially agree that Dr. Stein employed three nonexempt employees during Ms. Goldman’s tenure with the business, to wit, Sarah Nadel, Herbert Kamins and the plaintiff. Although Dr. Stein and Mrs. Dina Stein both worked for the business, both are excluded by Executive Law § 292. Thus, the sole question for determination is whether or not Dr. Stein’s mother-in-law, and Mrs. Stein’s mother, the defendant Rachel Reichmann, is an exempt employee under the Human Rights Law. Although there is no specific case law interpreting Executive Law § 292 (6) to include a mother-in-law in its definition of exempt employee, it is patently clear that the Legislature intended to include a person such as Mrs. Reichmann in such definition of exempt employee.
The Court of Appeals has offered the following insofar as it relates to statutory interpretation: “[a]s the clearest indicator of legislative intent is the statutory text, the starting point in *905 any case of interpretation must always be the language itself, giving effect to the plain meaning thereof” (Majewski v Broadalbin-Perth Cent. School Dist., 91 NY2d 577, 583 [1998]; People v Rice, 44 AD3d 247, 251 [2007]). Applying this maxim of statutory interpretation to the disputed language herein, the court must arrive at the inescapable conclusion that the term “employee” cannot include the parent of the employer’s spouse. Any other conclusion would render the statutory framework illogical and contrary to its plain meaning. Thus, the court concludes that Mrs. Reichmann is not an “employee” within the purview of Executive Law, article 15, § 292 (6).
Moreover, inasmuch as Mrs. Reichmann is excluded from being an employee of Dr. Stein’s medical office, he is not deemed an “employer” under the New York State Human Rights Law. The court must further observe that this discussion gives due deference to the plaintiffs allegations that Mrs. Reichmann was employed by the office. However, the plaintiff submitted no proof that she was so employed and the defendants vehemently deny that she was ever an employee of Dr. Stein’s office.
In view of the foregoing, the plaintiffs remaining contentions are rendered moot. The court, therefore, grants the defendants’ motion to dismiss the complaint.