■ James Garten, Respondent, v Shearman & Sterling LLP, Appellant. [859 NYS2d 80]—

Order, Supreme Court, New York County (Ira Gammerman, J.H.O.), entered December 12, 2007, which, in this legal malpractice action arising out of a loan transaction, denied defendant's motion to dismiss the complaint, unanimously modified, on the law, to dismiss the causes of action for breach of contract, breach of fiduciary duty, and common-law negligence, and otherwise affirmed, without costs.

Plaintiff has stated a cause of action for legal malpractice by alleging that "but for" defendant's failure to prepare and procure documents necessary to provide him with a first-priority security interest, he would have been able to recover the amounts owed to him by the defaulting borrower (*see AmBase Corp. v Davis Polk & Wardwell*, 8 NY3d 428, 434 [2007]). The documentary evidence does not establish a defense as a matter of law (*see Goshen v Mutual Life Ins. Co. of N.Y.*, 98 NY2d 314, 326-327 [2002]). Under "Documentation relating to Security Agreement," defendant's closing documents checklist included "[e]vidence that all other action that the Lender may deem necessary or desirable in order to perfect and protect the first priority liens and security interests created under the Security Agreement has been taken (including, without limitation, UCC-3 termination statements)." Thus, defendant was obligated not only to prepare the loan documents, but also to protect plaintiff's expectation that the agreement that he would hold a senior security interest was effective. However, defendant allegedly neither attempted to obtain such documentation from the senior creditors nor advised plaintiff of the hazards of proceeding with the loan without it.

Neither the borrower's failure to repay the loan nor the senior creditors' eventual failure to act honorably and adhere to the understanding that their liens were to be junior to plaintiff's relieves defendant of potential liability for its negligence. Nor is plaintiff responsible for his own loss simply because he executed the documents that defendant prepared for him (*see Arnav Indus., Inc. Retirement Trust v Brown, Raysman, Millstein, Felder & Steiner*, 96 NY2d 300, 305 [2001]).

The causes of action for breach of contract, breach of fidu-

ciary duty, and common-law negligence are redundant of the legal malpractice cause of action (*see Sage Realty Corp. v Proskauer Rose*, 251 AD2d 35, 38-39 [1998]; *Weil, Gotshal & Manges, LLP v Fashion Boutique of Short Hills, Inc.*, 10 AD3d 267, 271 [2004]; *Darby & Darby v VSI Intl.*, 95 NY2d 308, 313 [2000]). Concur—Lippman, P.J., Mazzarelli, Williams, Sweeny and Acosta, JJ.