■ BEVERLY GOLDMAN, Appellant, v JOSEPH STEIN et al., Respondents. [875 NYS2d 273]—

In an action, inter alia, to recover damages for employment discrimination in violation of Executive Law § 296, the plaintiff appeals, as limited by her brief, from so much of an order of the Supreme Court, Kings County (Martin, J.), dated March 6, 2008, as granted that branch of the defendants' motion which was to dismiss all of the causes of action asserting state law claims.

Ordered that the order is reversed insofar as appealed from, on the law, with costs, the branch of the defendants' motion which was to dismiss all of the causes of action asserting state law claims is denied, and the matter is remitted to the Supreme Court, Kings County, for a determination of the remaining branches of the defendants' motion to dismiss.

In its order dated March 6, 2008 the Supreme Court stated that the plaintiff had "unequivocally" withdrawn so much of her complaint as was based on federal law. The Supreme Court then dismissed the remainder of the plaintiff's complaint, basing its decision in this respect solely on its conclusion that the defendant Joseph Stein, M.D. (hereinafter Dr. Stein) was not an "employer," as that term is defined in Executive Law § 292 (5), because he did not have four or more "employees." This determination hinged on the Supreme Court's conclusion that, because Rachel Reichman, one of the individuals who allegedly worked for Dr. Stein, was also Dr. Stein's mother-in-law, she could not be considered his "employee," as that term is defined in Executive Law § 292 (6). We disagree, and therefore reverse the Supreme Court's order insofar as appealed from.

Executive Law § 292 (6) states, "The term 'employee' in this article does not include any individual employed by his or her parents, spouse or child, or in the domestic service of any person." Dr. Stein could be considered Reichman's "child" only if the statutory term "child" were to be extended so far as to embrace sons-in-law and daughters-in-law. Contrary to the conclusion implicitly reached by the Supreme Court, the term "child" is not ordinarily used to refer to sons-in-law or daughters-in-law (*cf. Matter of Gustafson*, 74 NY2d 448 [1989] [construing testamentary term "children" so as to exclude grandchildren]; *Matter of Caldwell v Alliance Consulting Group*, 6 AD3d 761 [2004] [interpreting statutory term "parent" so as to include biological father who abandoned his son after birth]), and we see no evidence that the omission of sons-in-law and daughters-in-law from the terms of Executive Law § 292 (6) was the result of legislative oversight. There is no basis upon which to conclude that a construction of the statute in accordance with its plain terms would frustrate the underlying legislative intent.

Therefore, the order appealed from must be reversed insofar as appealed from, and the matter remitted to the Supreme Court, Kings County, for a determination of those branches of the defendants' motion that were not addressed in the order appealed from. Rivera, J.P., Ritter, Miller and Dickerson, JJ., concur. [*See* 19 Misc 3d 902.]