■ KRAM KNARF, LLC, et al., Respondents, v VALENTIN DJONOVIC et al., Appellants. [903 NYS2d 386]—

Order, Supreme Court, Bronx County (Nelson S. Román, J.), entered on or about November 28, 2008, which denied defendants' motion to dismiss the complaint, affirmed, without costs.

Accepting the facts alleged in the complaint as true and according plaintiffs the benefit of every possible favorable inference (*see Leon v Martinez*, 84 NY2d 83, 87-88 [1994]), we agree that the allegations that defendant attorneys negligently gave their plaintiff clients an incorrect explanation of the contents of legal documents in connection with a property acquisition sufficiently states a legal malpractice claim against them (*see Arnav Indus., Inc. Retirement Trust v Brown, Raysman, Millstein, Felder & Steiner*, 96 NY2d 300 [2001]; *cf. Bishop v Maurer*, 33 AD3d 497, 499-500 [2006], *affd* 9 NY3d 910 [2007]). The documents do not conclusively establish that defendants' explanation was correct, and thus do not constitute a defense based on "documentary evidence" (CPLR 3211 [a] [1]).

*Bishop v Maurer* (9 NY3d 910 [2007], *supra*), relied on by the dissent, does not dictate a different result. There, the client had given informed consent, confirmed in writing, to the attorneys' dual representation of him and his wife. The client's malpractice complaint was silent as to how the attorneys misled him, what they failed to explain to him concerning the estate planning documents he executed, and which of his instructions those documents did not reflect (33 AD3d at 498-499).

Here, in contrast, plaintiffs' complaint alleges with particularity that their interests were not protected by the contract in accordance with their instructions, and that defendants advised plaintiffs incorrectly as to the contract's import. For instance, it is alleged that defendants failed to perform due diligence in order to ascertain the extent of the contamination and that the levels of contamination exceeded the levels represented to plaintiff by the owner. Thus, while the contract disclosed certain liabilities, without the proper due diligence and adequate legal counsel, plaintiffs were unaware of the full extent of the li-

abilities they faced. Concur—Gonzalez, P.J., Saxe, Acosta and Abdus-Salaam, JJ.

McGuire, J. dissents in a memorandum as follows: This case is controlled by *Bishop v Maurer* (9 NY3d 910 [2007]). The issue is not whether the transaction documents "conclusively establish that defendants' legal advice was *correct*" (emphasis added). In *Bishop v Maurer*, the claim of legal malpractice was entirely inconsistent with the estate planning documents prepared by the attorney that the elderly decedent signed and is presumed to have read. Here, too, the claim of legal malpractice is entirely inconsistent with the transaction documents prepared by attorneys that sophisticated clients signed and are presumed to have read. Here, as in *Bishop v Maurer*, "plaintiffs' complaint is devoid of any nonconclusory allegation that incorrect advice was given" as to the contents of the documents (*id.* at 911). If plaintiffs' vague allegations of incorrect advice are sufficient to state a claim for legal malpractice, unsettling consequences are all but certain to follow. For example, legal malpractice actions could be commenced based on a bare claim that the client was told he was getting more money to settle an action than is provided in settlement documents signed by the client. Notably, this is not a case in which the client, because of an error by the attorney, has "a valid excuse for having failed to read [the subject document]" (*Arnav Indus., Inc. Retirement Trust v Brown, Raysman, Millstein, Felder & Steiner*, 96 NY2d 300, 304 [2001]). For these reasons, the motion to dismiss should have been granted.