■ ABLECO FINANCE LLC, Respondent, v JOHN F. HILSON et al., Appellants. [916 NYS2d 51]—

Order, Supreme Court, New York County (Shirley Werner Kornreich, J.), entered August 12, 2010, which denied defendants' motion to dismiss the complaint, unanimously modified, on the law, to grant the motion as to the claim that defendants failed to structure the demand loan so as to protect plaintiff's security interest in the borrower's primary bank accounts, thereby placing a loan repayment at risk of being set aside as a "voidable preference," and otherwise affirmed, without costs.

The documentary evidence does not conclusively establish a defense to plaintiff's allegations that defendants failed to adequately advise it that it was not getting a first priority security interest in all the borrower's existing and future assets, which included the inventory purchased from the bankrupt retail clothing chain, as well as the borrower's interest in proceeds derived from acting as the retailer's agent for liquidated assets that could not be purchased because of lease transfer issues with certain stores (*see Campbell v Rogers & Wells*, 218 AD2d 576, 580 [1995]; *Camarda v Danziger, Bangser & Weiss*, 167 AD2d 152 [1990]). Any negligence on plaintiff's part in reviewing the documents is merely a factor to be assessed in the mitigation of damages (*Arnav Indus., Inc. Retirement Trust v Brown, Raysman, Millstein, Felder & Steiner*, 96 NY2d 300, 305 n 2 [2001]).

The allegations that defendants failed to advise plaintiff that the acquisition documents permitted the borrower to have credit card sales proceeds deposited into bank accounts over which the retailer retained control and that there was a significant risk that the retailer would use these deposits to set off its own expenses rather than to repay the loan are sufficient to allege that defendants "failed to exercise the reasonable skill and knowledge commonly possessed by a member of the legal profession" (*Arnav Indus.*, 96 NY2d at 303-304; *Camarda*, 167 AD2d at 152). Defendants' contention that the alleged "improper conduct" of the retailer was an unforeseen intervening cause of plaintiff's loss is unavailing at this juncture (*see Garten v Shearman & Sterling LLP*, 52 AD3d 207 [2008]).

However, documentary evidence establishes a conclusive

defense to the allegation that defendants' failure to include in the original security agreement an express obligation that the borrower sign control account agreements raised the "specter" of a preferential transfer challenge to a $28.5 million loan repayment the borrower made within 90 days of filing for bankruptcy. The documents show that on August 26, 2008, the borrower granted plaintiff a security interest in all its deposit accounts and cash, and that on September 12, 2008, plaintiff executed an agreement that required the bank to honor all instructions it received from plaintiff, but not from the borrower, concerning that account. Thus, a security interest in the account was transferred to plaintiff on August 26, 2008 and was perfected on September 12, 2008—within 30 days of the transfer.. Pursuant to bankruptcy law, if the security interest is perfected within 30 days of the transfer, then the transfer is deemed to have been made when the security interest was created (*see* 11 USC § 547 [e] [2] [A]). Since the transfer is deemed to have been made on August 26, 2008, it was not "for or on account of an antecedent debt owed by the debtor before such transfer was made"—one element required to establish a voidable preference (*see id.* § 547 [b] [2]). Thus, no voidable preference was established (*id.* § 547 [b]).

We have considered defendants' remaining arguments and find them unavailing. Concur—Andrias, J.P., Sweeny, Moskowitz, DeGrasse and Abdus-Salaam, JJ.