■ SHALINI SCHETTY, Plaintiff, v TARGET CORPORATION et al., Defendants/Third-Party Plaintiffs, and ITC TRADING COMPANY OF AMERICA, INC., Sued Herein as ITC TRADING Co., Defendant/Third-Party Defendant/Fourth-Party Plaintiff-Respondent, et al., Third-Party Defendant. BUREAU VERITAS CONSUMER PRODUCTS SERVICES, INC., Fourth-Party Defendant-Appellant. [931 NYS2d 395]—

The plaintiff commenced an action against Target Corporation (hereinafter Target), Kenneth Cole Productions, L.P. (hereinafter Kenneth Cole), and ITC Trading Co. (hereinafter ITC), alleging that they negligently manufactured, sold, and distributed shoes that caused her to suffer personal injuries. Following

the commencement of a third-party action by Target and Kenneth Cole against, among others, ITC, ITC commenced a fourth-party action against the appellant, alleging that Target and Kenneth Cole had retained the appellant to maintain quality control and conduct inspection of the shoes being manufactured for Target and Kenneth Cole at a particular factory in China, and to ensure that any shoes so manufactured were safe and free from any defects or apparently dangerous conditions. The appellant thereafter moved to dismiss the fourth-party complaint based on documentary evidence (*see* CPLR 3211 [a] [1]).

To succeed on a motion to dismiss pursuant to CPLR 3211 (a) (1), the documentary evidence that forms the basis of the defense must "utterly refute[ ] plaintiff's factual allegations, conclusively establishing a defense as a matter of law" (*Goshen v Mutual Life Ins. Co. of N.Y.*, 98 NY2d 314, 326 [2002]; *see Bodden v Kean*, 86 AD3d 524, 526 [2011]). Here, the proffered evidence did not conclusively refute ITC's allegations that Target and/or Kenneth Cole retained the appellant to maintain quality control and conduct inspections of the shoes, and to ensure that they were free from defects (*see Russo v Macchia-Schiavo*, 72 AD3d 786, 787 [2010]). Accordingly, the Supreme Court properly denied the appellant's motion pursuant to CPLR 3211 (a) (1) to dismiss the fourth-party complaint. Skelos, J.P., Balkin, Leventhal and Hall, JJ., concur.