■ David Marom, Respondent, v Thomas P. Anselmo, Doing Business as Law Offices of Thomas P. Anselmo, Appellant. [933 NYS2d 744]—

On a motion to dismiss pursuant to CPLR 3211 (a) (7) for failure to state a cause of action, the court must accept the facts alleged in the pleading as true, accord the plaintiff the benefit of every possible inference, and determine only whether the facts as alleged fit within any cognizable legal theory (*see Goshen v Mutual Life Ins. Co. of N.Y.*, 98 NY2d 314, 326 [2002]; *Leon v Martinez*, 84 NY2d 83, 87 [1994]; *Prestige Caterers, Inc. v Siegel*, 88 AD3d 679 [2011]; *Peery v United Capital Corp.*, 84 AD3d 1201 [2011]). However, where, as here, evidentiary material is submitted and considered on a motion to dismiss a complaint pursuant to CPLR 3211 (a) (7), and the motion is not converted into one for summary judgment, "the question becomes whether the plaintiff has a cause of action, not whether the plaintiff has stated one and, unless it has been shown that a material fact as claimed by the plaintiff to be one is not a fact at all and unless it can be said that no significant dispute exists regarding it, dismissal should not eventuate" (*Rietschel v Maimonides Med. Ctr.*, 83 AD3d 810, 810 [2011]; *see Guggenheimer v Ginzburg*, 43 NY2d 268, 274-275 [1977]; *Cog-Net Bldg. Corp. v Travelers Indem. Co.*, 86 AD3d 585, 586 [2011]).

Here, the amended complaint stated a cause of action to recover damages for legal malpractice by alleging that the defendant attorney failed to structure the plaintiff's $500,000 investment in a condominium construction project as a loan secured by a first mortgage on the condominium property as the defendant had agreed to do, and that, but for this failure, the plaintiff would have been able to recover his investment when the project was abandoned (*see Garten v Shearman & Sterling LLP*, 52 AD3d 207 [2008]; *see generally Rudolf v Shayne, Dachs, Stanisci, Corker & Sauer*, 8 NY3d 438, 442 [2007]; *Arnav Indus., Inc. Retirement Trust v Brown, Raysman, Millstein, Felder & Steiner*, 96 NY2d 300, 303-304 [2001]). Moreover, the evidentiary proof submitted by the defendant in support of his motion, which consisted primarily of a limited liability company operating agreement signed by the plaintiff three days after the closing on the condominium property, and a loan resolution also allegedly signed after the closing, did not demonstrate that a material fact alleged in the complaint was not a fact at all, and

that no significant dispute existed regarding it. Accordingly, the Supreme Court properly denied that branch of the defendant's motion which was to dismiss the amended complaint pursuant to CPLR 3211 (a) (7).

Further, since the documentary evidence submitted by the defendant did not utterly refute the plaintiff's factual allegations, and conclusively establish a defense as a matter of law (see *Goshen v Mutual Life Ins. Co. of N.Y.*, 98 NY2d at 326; *Leon v Martinez*, 84 NY2d at 88; *Schetty v Target Corp.*, 88 AD3d 984 [2011]; *Cog-Net Bldg. Corp. v Travelers Indem. Co.*, 86 AD3d at 585-586), the Supreme Court properly denied that branch of the defendant's motion which was to dismiss the amended complaint pursuant to CPLR 3211 (a) (1) (see *Kram Knarf, LLC v Djonovic*, 74 AD3d 628 [2010]; *Garten v Shearman & Sterling LLP*, 52 AD3d at 207). Dillon, J.P., Eng, Hall and Austin, JJ., concur.
**[Prior Case History: 2011 NY Slip Op 30756(U).]**