Berkovits v Berkovits (2021 NY Slip Op 00406)





Berkovits v Berkovits


2021 NY Slip Op 00406


Decided on January 27, 2021


Appellate Division, Second Department



Published by New York State Law Reporting Bureau pursuant to Judiciary Law § 431.


This opinion is uncorrected and subject to revision before publication in the Official Reports.



Decided on January 27, 2021
SUPREME COURT OF THE STATE OF NEW YORK
Appellate Division, Second Judicial Department

WILLIAM F. MASTRO, A.P.J.
LEONARD B. AUSTIN
ROBERT J. MILLER
FRANCESCA E. CONNOLLY, JJ.


2018-13573 
2019-04530
 (Index No. 506718/18)

[*1]Joseph Berkovits, etc., et al., respondents,
v
Mayer Berkovits, et al., appellants.


Koffsky Schwalb LLC, New York, NY (Steven A. Weg of counsel), for appellant Mayer Berkovits.
Amini LLC, New York, NY (Bijan Amini and John W. Brewer of counsel), for appellants David Mark Rozen and Roberts & Holland, LLP.
Mintz & Gold LLP, New York, NY (Ira Lee Sorkin, Peter Guirguis, and Gabriel Altman of counsel), for respondents.



DECISION & ORDER
In an action, inter alia, to recover damages for fraud and legal malpractice, (1) the defendant Mayer Berkovits appeals, and the defendants David Mark Rozen and Roberts & Holland, LLP, separately appeal, from an order of the Supreme Court, Kings County (Sylvia G. Ash, J.), dated October 8, 2018, and (2) the defendants David Mark Rozen and Roberts & Holland, LLP, appeal from an order of the same court dated February 6, 2019. The order dated October 8, 2018, insofar as appealed from by the defendant Mayer Berkovits, denied his motion pursuant to CPLR 3211(a) to dismiss the complaint insofar as asserted against him. The order dated October 8, 2018, insofar as appealed from by the defendants David Mark Rozen and Roberts & Holland, LLP, denied those branches of their motion which were pursuant to CPLR 3211(a) to dismiss the first, fourth, and tenth causes of action insofar as asserted against them. The order dated February 6, 2019, insofar as appealed from, upon reargument, adhered to the determination in the order dated October 8, 2018, denying those branches of the motion of the defendants David Mark Rozen and Roberts & Holland, LLP, which were pursuant to CPLR 3211(a) to dismiss the first, fourth, and tenth causes of action insofar as asserted against them.
ORDERED that the appeal by the defendants David Mark Rozen and Roberts & Holland, LLP, from the order dated October 8, 2018, is dismissed, without costs or disbursements, as that order, insofar as appealed from by those defendants, was superseded by the order dated February 6, 2019, made upon reargument; and it is further,
ORDERED that the order dated October 8, 2018, is modified, on the appeal by the defendant Mayer Berkovits, on the law, by deleting the provision thereof denying that branch of the motion of the defendant Mayer Berkovits which was pursuant to CPLR 3211(a)(7) to dismiss the cause of action alleging breach of contract insofar as asserted against him, and substituting therefor a provision granting that branch of the motion; as so modified, the order dated October 8, 2018, is affirmed insofar as appealed from by the defendant Mayer Berkovits, without costs or disbursements; [*2]and it is further,
ORDERED that the order dated February 6, 2019, is modified, on the law, by deleting the provision thereof, upon reargument, adhering to so much of the original determination in the order dated October 8, 2018, as denied those branches of the motion of the defendants David Mark Rozen and Roberts & Holland, LLP, which were pursuant to CPLR 3211(a)(7) to dismiss the causes of action alleging fraudulent inducement and unjust enrichment insofar as asserted against them, and substituting therefor a provision vacating those provisions of the order dated October 8, 2018, and thereupon granting those branches of those defendants' motion; as so modified, the order dated February 6, 2019, is affirmed insofar as appealed from, without costs or disbursements.
The plaintiff Joseph Berkovits alleges that his son, the defendant Mayer Berkovits, improperly induced him to execute an agreement creating an irrevocable trust (hereinafter the trust). Joseph Berkovits alleges that Mayer Berkovits falsely advised him to sign documents purportedly related to the tax treatment of certain real property, and that those documents actually established the trust. Pursuant to the trust agreement, Joseph Berkovits, as grantor, transferred to the trust certain shares in the plaintiff Aberko Realty, Inc. (hereinafter Aberko; hereinafter together with Joseph Berkovits, the plaintiffs). The trust agreement provided, inter alia, that Mayer Berkovits was to serve as investment advisor, distribution advisor, and protector of the trust. In those capacities, Mayer Berkovits allegedly was granted sole authority to manage the trust and its assets, including the sole discretion to make any distributions.
According to the plaintiffs, the defendant Roberts & Holland, LLP, and the defendant David Mark Rozen, a partner in that firm (hereinafter together the attorney defendants), represented both Joseph Berkovits and Aberko in connection with the creation of the trust. The plaintiffs allege that the attorney defendants failed to explain to Joseph Berkovits the terms of the trust agreement. The plaintiffs allege that the attorney defendants improperly represented and promoted the interests of Mayer Berkovits in that transaction, and failed to seek or obtain a waiver of any conflict of interest.
The plaintiffs further allege that in 2017, a limited liability company (hereinafter LLC) of which Aberko was the majority member sold a condominium building that was owned by the LLC. The plaintiffs allege that Mayer Berkovits failed to effectuate the transfer to Aberko of its share of the sale proceeds, and failed to make distribution from the trust to Joseph Berkovitz from those sale proceeds.
As relevant to this appeal, the complaint asserts causes of action against Mayer Berkovits sounding in fraudulent inducement, breach of fiduciary duty, conversion, unjust enrichment, and breach of oral contract. The complaint also seeks declaratory relief, an accounting, and the imposition of a constructive trust upon certain assets of the trust.
As against the attorney defendants, the complaint asserts, inter alia, causes of action sounding in fraudulent inducement, legal malpractice, and unjust enrichment.
Mayer Berkovits moved pursuant to CPLR 3211(a)(1) and (7) to dismiss the complaint insofar as asserted against him, and the attorney defendants separately moved pursuant to CPLR 3211(a)(1) and (7) to dismiss the complaint insofar as asserted against them. In the first order appealed from, dated October 8, 2018, the Supreme Court denied the motion of Mayer Berkovits in all respects. In the same order, the court granted that branch of the motion of the attorney defendants which was to dismiss the third cause of action, which alleged that the attorney defendants breached a fiduciary duty owed to Joseph Berkovits. The court otherwise denied the attorney defendants' motion.
The attorney defendants sought reargument of their motion. Upon granting reargument, the Supreme Court, in effect, vacated so much of the order dated October 8, 2018, as denied that branch of the motion which was to dismiss the cause of action alleging that the attorney defendants breached a fiduciary duty owed to Aberko, and substituted a provision granting that [*3]branch of the motion. The court otherewise adhered to the determination in the order dated October 8, 2018.
The Supreme Court properly denied those branches of the motion of Mayer Berkovits which were pursuant to CPLR 3211(a)(1) and (7) to dismiss the causes of action alleging fraudulent inducement, breach of fiduciary duty, conversion, and unjust enrichment insofar as asserted against him. On a motion to dismiss pursuant to CPLR 3211(a)(7), the pleading must be afforded a liberal construction and the court must "accept the facts as alleged in the complaint as true, accord plaintiffs the benefit of every possible favorable inference, and determine only whether the facts as alleged fit within any cognizable legal theory" (Leon v Martinez, 84 NY2d 83, 87-88; see Goshen v Mutual Life Ins. Co. of N.Y., 98 NY2d 314, 326; Qureshi v Vital Transp., Inc., 173 AD3d 1076, 1077). A motion to dismiss on the ground that the action is barred by documentary evidence pursuant to CPLR 3211(a)(1) may be granted only where the documentary evidence utterly refutes the plaintiff's factual allegations, conclusively establishing a defense as a matter of law (see Goshen v Mutual Life Ins. Co. of N.Y., 98 NY2d at 326; Leon v Martinez, 84 NY2d at 88).
"The elements of a cause of action to recover damages for fraud are (1) a misrepresentation or a material omission of fact which was false, (2) knowledge of its falsity, (3) an intent to induce reliance, (4) justifiable reliance by the plaintiff, and (5) damages" (Fox Paine & Co., LLC v Houston Cas. Co., 153 AD3d 673, 677; see Eurycleia Partners, LP v Seward & Kissel, LLP, 12 NY3d 553, 559). "Where a cause of action or defense is based upon . . . fraud . . . the circumstances constituting the wrong shall be stated in detail" (CPLR 3016[b]). However, the pleading requirements of CPLR 3016(b) may be met when the facts are sufficient to permit a reasonable inference of the alleged conduct (see Pludeman v Northern Leasing Sys., Inc., 10 NY3d 486, 492; Qureshi v Vital Transp., Inc., 173 AD3d at 1077).
Here, the first cause of action sufficiently pleads the elements of fraudulent misrepresentation or fraudulent inducement against Mayer Berkovits, including the element of a misrepresentation as to the purpose of the trust agreement. Contrary to that defendant's contention, the trust agreement executed by Joseph Berkovits does not conclusively refute the allegations of fraud related to and/or extraneous to that agreement, particularly as "[f]amily members stand in a fiduciary relationship toward one another in a co-owned business venture" (Braddock v Braddock, 60 AD3d 84, 88; see Venizelos v Oceania Mar. Agency, 268 AD2d 291). The complaint also pleads that a two-page "trust summary" that Joseph Berkovits signed omitted certain key elements of the trust agreement, including a description of the powers granted to Mayer Berkovits. Under these circumstances, the complaint sufficiently alleged the elements of the fraud cause of action as against Mayer Berkovits, and those allegations were not conclusively refuted by the documentary evidence (see Melcher v Apollo Med. Fund Mgt. L.L.C., 25 AD3d 482; see also Ackerman v Ackerman, 120 AD3d 1279, 1280; Braddock v Braddock, 60 AD3d at 88).
In the second and fifth causes of action, the complaint sufficiently pleads a breach of fiduciary duty cause of action against Mayer Berkovits. "The elements of a cause of action to recover damages for breach of fiduciary duty are (1) the existence of a fiduciary relationship, (2) misconduct by the defendant, and (3) damages directly caused by the defendant's misconduct" (Rut v Young Adult Inst., Inc., 74 AD3d 776, 777; see Deblinger v Sani-Pine Prods. Co., Inc., 107 AD3d 659, 660). "A cause of action sounding in breach of fiduciary duty must be pleaded with particularity under CPLR 3016(b)" (Litvinoff v Wright, 150 AD3d 714, 715; see Swartz v Swartz, 145 AD3d 818, 823). However, where the relevant facts are "peculiarly within the knowledge of the party against whom the [cause of action] is being asserted" (Jered Contr. Corp. v New York City Tr. Auth., 22 NY2d 187, 194), "it would work a potentially unnecessary injustice to dismiss a case at an early stage where any pleading deficiency might be cured later in the proceedings" (Pludeman v Northern Leasing Sys., Inc., 10 NY3d at 491-492; see Hausen v North Fork Radiology, P.C., 171 AD3d 888, 892).
The complaint sufficiently alleges that Mayer Berkovits owed to Joseph Berkovits a fiduciary duty as a co-shareholder in Aberko, a closely-held family corporation, and that Mayer Berkovits breached that fiduciary duty by inducing Joseph Berkovits to enter into the trust [*4]agreement, to the detriment of the interests of Joseph Berkovits and Aberko (see Qureshi v Vital Transp., Inc., 173 AD3d at 1077; Hausen v North Fork Radiology, P.C., 171 AD3d at 892). Further, where a corporation has been "dissolved or sold in a transaction marred by breaches of fiduciary duty," the shareholder may properly assert a cause of action alleging a breach of fiduciary duty owed to the corporation (Bernstein v Kelso & Co., 231 AD2d 314, 322; see Herman v Herman, 122 AD3d 506, 507). Additionally, the complaint sufficiently pleads that Joseph Berkovits, as a shareholder of Aberko, made the requisite demand for relief and that any additional demand would have been futile (see Bansbach v Zinn, 1 NY3d 1, 9; Guzman v Kordonsky, 177 AD3d 708, 710).
The Supreme Court properly denied that branch of the motion of Mayer Berkovits which was to dismiss the seventh cause of action, alleging conversion, insofar as asserted against him. "A conversion takes place when someone, intentionally and without authority, assumes or exercises control over personal property belonging to someone else, interfering with that person's right of possession" (Colavito v New York Organ Donor Network, Inc., 8 NY3d 43, 49-50). In order "'[t]o establish a cause of action to recover damages for conversion, [the] plaintiff must show legal ownership or an immediate superior right of possession to a specific identifiable thing and must show that the defendant exercised an unauthorized dominion over the thing in question to the exclusion of the plaintiff's rights'" (National Ctr. for Crisis Mgt., Inc. v Lerner, 91 AD3d 920, 920, quoting Cusack v American Defense Sys., Inc., 86 AD3d 586, 587; see World Ambulette Transp., Inc. v Lee, 161 AD3d 1028, 1030-1031). Generally, an interest in a business opportunity may not serve as the predicate for a conversion cause of action (see ARB Upstate Communications LLC v R.J. Reuter, L.L.C., 93 AD3d 929, 931-932). However, the plaintiffs allege that Mayer Berkovits converted assets that rightfully belonged to Aberko, including its share of the proceeds of the sale of a building, thus stating a viable conversion cause of action (see Collins v Telcoa Intl. Corp., 283 AD2d 128, 134).
Contrary to the contention of Mayer Berkovits, the Supreme Court properly denied that branch of his motion which was to dismiss the tenth cause of action, alleging unjust enrichment, insofar as asserted against him. "'The elements of a cause of action to recover for unjust enrichment are (1) the defendant was enriched, (2) at the plaintiff's expense, and (3) that it is against equity and good conscience to permit the defendant to retain what is sought to be recovered'" (Deerin v Ocean Rich Foods, LLC, 158 AD3d 603, 606, quoting Travelsavers Enters., Inc. v Analog Analytics, Inc., 149 AD3d 1003, 1006). The complaint alleges, inter alia, that Mayer Berkovits improperly failed to distribute to Aberko or to the trust the proceeds of the sale of property owned by Aberko, and was unjustly enriched thereby. The trust agreement does not preclude the plaintiffs from asserting an unjust enrichment cause of action, since, inter alia, the plaintiffs contest the enforceability of the trust agreement (see Chowaiki & Co. Fine Art Ltd. v Lacher, 115 AD3d 600, 601; Wilmoth v Sandor, 259 AD2d 252, 254). Similarly, the complaint states a cause of action against Mayer Berkovits to impose a constructive trust (see Reingold v Bowins, 180 AD3d 722).
The Supreme Court did not err in denying that branch of the motion of Mayer Berkovits which was to dismiss the twelfth cause of action, which sought, inter alia, a judgment declaring the trust invalid (see Solomon Capital, LLC v Lion Biotechnologies, Inc., 171 AD3d 467, 468; see also Almap Holdings v Bank Leumi Trust Co. of N.Y., 196 AD2d 518, 518-519). The court properly denied that branch of the motion of Mayer Berkovits which was to dismiss the cause of action for an accounting of the trust, based on the "existence of a confidential or fiduciary relationship and a breach of the duty imposed by that relationship respecting property in which [the plaintiffs] ha[ve] an interest" (Palazzo v Palazzo, 121 AD2d 261, 265; see Lawrence v Kennedy, 95 AD3d 955, 958).
However, the eleventh cause of action fails to state a viable cause of action to recover damages for breach of an oral contract as against Mayer Berkovits. Although the complaint alleges generally that Mayer Berkovits agreed to "unwind" the trust, the complaint fails to set forth the terms of that purported agreement, such as the terms and manner of distribution of assets upon the unwinding of the trust (see Saul v Cahan, 153 AD3d 947, 950; see also Detringo v South Is. Family Med., LLC, 158 AD3d 609, 610).
Contrary to the contention of the attorney defendants, the fourth cause of action states a viable legal malpractice cause of action. "In an action to recover damages for legal malpractice, a plaintiff must demonstrate that the attorney 'failed to exercise the ordinary reasonable skill and knowledge commonly possessed by a member of the legal profession' and that the attorney's breach of this duty proximately caused plaintiff to sustain actual and ascertainable damages" (Rudolf v Shayne, Dachs, Stanisci, Corker & Sauer, 8 NY3d 438, 442, quoting McCoy v Feinman, 99 NY2d 295, 301; see Iannucci v Kucker & Bruh, LLP, 161 AD3d 959, 960). The "binding nature of [an] agreement between [a client] and a third party is not a complete defense to the professional malpractice of [a] law firm that generated the agreement to its client's detriment" (Arnav Indus., Inc. Retirement Trust v Brown, Raysman, Millstein, Felder & Steiner, 96 NY2d 300, 305; see Bishop v Maurer, 9 NY3d 910, 911).
The complaint alleges that the attorney defendants committed malpractice by failing to provide adequate legal advice to their client, Joseph Berkovits, prior to his execution of the trust agreement, and in failing to explain or seek any waiver of a potential conflict of interest created by their alleged simultaneous representation of Joseph Berkovits, Mayer Berkovits, and Aberko. The complaint also alleges that such conduct proximately caused damages to both Joseph Berkovits and Aberko. Under these circumstances, the complaint states a valid legal malpractice cause of action (see Arnav Indus., Inc. Retirement Trust v Brown, Raysman, Millstein, Felder & Steiner, 96 NY3d at 304-305; see also Kram Knarf, LLC v Djonovic, 74 AD3d 628, 628; Tabner v Drake, 9 AD3d 606, 610).
However, the first cause of action, alleging fraudulent inducement, and the tenth cause of action, alleging unjust enrichment, must be dismissed insofar as asserted against the attorney defendants as duplicative of the legal malpractice cause of action. The fraudulent inducement and unjust enrichment causes of action, insofar as asserted against the attorney defendants, arise from the same facts underlying the legal malpractice cause of action and do not allege distinct damages (see Blanco v Polanco, 116 AD3d 892, 896-897; see also Keness v Feldman, Kramer & Monaco, P.C., 105 AD3d 812, 813-814).
MASTRO, A.P.J., AUSTIN, MILLER and CONNOLLY, JJ., concur.
ENTER:
Aprilanne Agostino
Clerk of the Court