VPC Projects, LLC v Golenbock Eiseman Assor Bell & Peskoe, LLP (2021 NY Slip Op 01225)





VPC Projects, LLC v Golenbock Eiseman Assor Bell & Peskoe, LLP


2021 NY Slip Op 01225


Decided on February 25, 2021


Appellate Division, First Department



Published by New York State Law Reporting Bureau pursuant to Judiciary Law § 431.


This opinion is uncorrected and subject to revision before publication in the Official Reports.



Decided and Entered: February 25, 2021

Before: Acosta, P.J., Renwick, Singh, Mendez, JJ. 


Index No. 156097/16 Appeal No. 13198 Case No. 2020-03226 

[*1]VPC Projects, LLC, Plaintiff-Appellant,
v
Golenbock Eiseman Assor Bell & Peskoe, LLP, Defendant-Respondent. [And a Third-Party Action.]


Law Office of Daniel L. Abrams, PLLC, New York (Daniel L. Abrams of counsel), for appellant.
Melito & Adolfsen P.C., New York (John H. Somoza of counsel), for respondent.



Order, Supreme Court, New York County (Margaret A. Chan, J.), entered June 30, 2020, which granted defendant's motion for summary judgment dismissing the complaint, unanimously affirmed, without costs.
Plaintiff contends that the closing of its cafÉ/bar was caused by defendant's erroneous advice that its insurance would not indemnify it in, or defend it against, a noise-based nuisance action brought against the bar by its residential neighbors and that, had it been correctly advised, it would not have closed the bar and would have recouped its $1 million investment in the bar's storefront. Because the calculation of plaintiff's damages would rely on gross speculations about future events, namely, that the bar would have stayed open until such time as it became profitable and the profits matched plaintiff's significant investment, plaintiff cannot prove that defendant's malpractice, if any, proximately caused those damages (see generally Phillips-Smith Specialty Retail Group II v Parker Chapin Flattau & Klimpl, 265 AD2d 208, 210 [1st Dept 1999], lv denied 94 NY2d 759 [2000]; Lisi v Lowenstein Sandler LLP, 170 AD3d 461 [1st Dept 2019]). The record is devoid of evidence tending to support the speculations. Plaintiff's principal testified that the bar had doubled its sales in the year preceding its closure, but there is no evidence that the bar ever was profitable.
THIS CONSTITUTES THE DECISION AND ORDER
OF THE SUPREME COURT, APPELLATE DIVISION, FIRST DEPARTMENT.
ENTERED: February 25, 2021