Alrose Steinway, LLC v Jaspan Schlesinger, LLP (2022 NY Slip Op 03310)





Alrose Steinway, LLC v Jaspan Schlesinger, LLP


2022 NY Slip Op 03310


Decided on May 19, 2022


Appellate Division, First Department



Published by New York State Law Reporting Bureau pursuant to Judiciary Law § 431.


This opinion is uncorrected and subject to revision before publication in the Official Reports.



Decided and Entered: May 19, 2022

Before: Manzanet-Daniels, J.P., Gische, Kern, Friedman, Shulman, JJ. 


Index No. 151482/17 Appeal No. 15975 Case No. 2021-01144 

[*1]Alrose Steinway, LLC, Plaintiff-Appellant,
v
Jaspan Schlesinger, LLP, et al., Defendants-Respondents, Steven Schlesinger, Defendant.


Duke Holzman Photiadis & Gresens LLP, Buffalo (Christopher M. Berloth of counsel), for appellant.
L'Abbate Balkan Colavita & Contini, LLP, Melville (Marian C. Rice of counsel), for respondents.



Order, Supreme Court, New York County (Andrea Masley, J.), entered on or about March 5, 2021, which, to the extent appealed from as limited by the briefs, granted defendants' motion for summary judgment dismissing the legal malpractice cause of action, unanimously reversed, on the law, without costs, and the motion denied.
Plaintiff claims that defendants negligently failed to advise it that an amendment to a commercial lease would extinguish its purchase option upon sale of the premises and that, but for defendants' negligence, it would not have signed the amendment but would have exercised its purchase option as of right between 2023 and 2024, acquiring the premises for no more than $11.4 million. It is undisputed that after the amendment was executed, the landlord received a bona fide third-party purchase offer and plaintiff exercised its right of first refusal, purchasing the premises for $14.5 million in 2016.
Issues of fact exist as to each element of plaintiff's legal malpractice cause of action (see Rudolf v Shayne, Dachs, Stanisci, Corker & Sauer, 8 NY3d 438, 442 [2007]). Defendants' email attaching a marked-up copy of the relevant lease section does not establish as a matter of law that defendants advised plaintiff as to the meaning of the amendment, and the parties dispute the oral advice that was provided by defendants. Contrary to defendants' contention, the fact that plaintiff's agent read the amendment does not establish as a matter of law that defendants were not negligent (see Bishop v Maurer, 9 NY3d 910 [2007]; see e.g. Kram Knarf, LLC v Djonovic, 74 AD3d 628, 628 [1st Dept 2010]; Fielding v Kupferman, 65 AD3d 437 [1st Dept 2009]). Any evidence that plaintiff's agent, a sophisticated businessman, knew or should have known that the amendment was substantive despite defendants' advice that it was "housekeeping" does not disprove defendants' negligence but is evidence that can be offered in mitigation of damages (see e.g. SF Holdings Group, Inc. v Kramer Levin Naftalis & Frankel LLP, 56 AD3d 281, 282 [1st Dept 2008]; Mandel, Resnik & Kaiser, P.C. v. E.I. Elecs., Inc., 41 AD3d 386, 388 [1st Dept 2007]).
Plaintiff's theory of proximate cause is not impermissibly based on gross speculation as to future events (see e.g. VPC Projects, LLC v Golenbock Eiseman Assor Bell & Peskoe, LLP, 191 AD3d 623 [1st Dept 2021], lv denied 37 NY3d 909 [2021]). The fact that plaintiff sent the signed lease to the landlord without defendants' knowledge does not as a matter of law refute causation. Defendants also failed to establish as a matter of law that plaintiff would not have been able to exercise its purchase option in 2023-2024. They also failed to establish as a matter of law that plaintiff was not actually damaged as a result of their negligence or that those damages were not ascertainable. To the extent defendants argue that plaintiff lacks standing, they waived that argument by failing to assert lack of standing in their answer or their pre-[*2]answer motion to dismiss (see CPLR 3211[a][3], [e]).
THIS CONSTITUTES THE DECISION AND ORDER OF THE SUPREME COURT, APPELLATE DIVISION, FIRST DEPARTMENT.
ENTERED: May 19, 2022