Stevens v Wheeler (2023 NY Slip Op 02747)

Stevens v Wheeler

2023 NY Slip Op 02747

Decided on May 18, 2023

Appellate Division, First Department

Published by New York State Law Reporting Bureau pursuant to Judiciary Law § 431.

This opinion is uncorrected and subject to revision before publication in the Official Reports.

Decided and Entered: May 18, 2023

Before: Manzanet-Daniels, J.P., Kapnick, González, Shulman, Higgitt, JJ. 

Index No. 151129/21 Appeal No. 280 Case No. 2022-03452 

[*1]Hardie M. Stevens etc., et al., Plaintiffs-Appellants,
v
Alfred Wheeler et al., Defendants-Respondents.

Jeffrey M. Rosenblum, PC, Great Neck (Jeffrey M. Rosenblum of counsel), for appellants.
Furman Kornfeld & Brennan LLP, New York (Christopher D. Skoczen of counsel), for respondents.

Order, Supreme Court, New York County (David B. Cohen, J.), entered on or about June 7, 2022, which granted defendants' motion to dismiss the complaint under CPLR 3211 (a) (1) and (7) and denied plaintiffs' cross-motion to sanction defendants under 22 NYCRR 130-1.1, unanimously modified, on the law, to deny the motion to dismiss the second cause of action for legal malpractice, and to reinstate that cause of action, and otherwise affirmed, without costs.
Plaintiffs, as co-executors of the decedent's estate, essentially claim that defendants negligently failed to include a New York choice of law provision in decedent's will and negligently recommended that decedent's will be probated in Rhode Island rather than New York. According to plaintiffs, this resulted in decedent's wife claiming an elective one-half share of the net estate under Rhode Island law, rather than the one-third of his net estate that decedent had bequeathed to her in his will. Decedent's wife's elective share claim was ultimately settled by stipulation.
Plaintiffs' legal malpractice cause of action should not have been dismissed under CPLR 3211 (a) (1) or CPLR 3211 (a) (7) (see generally Rudolf v Shayne, Dachs, Stanisci, Corker & Sauer, 8 NY3d 438, 442 [2007]). The complaint adequately pleaded departure from the standard of care, i.e., failure to exercise the ordinary reasonable skill and knowledge commonly possessed by a member of the legal profession, and proximate cause. Defendants did not establish, as a matter of law, that probate would have been the same regardless of whether the will contained a New York choice of law provision or whether probate was sought in New York instead of Rhode Island. Defendants' overarching position, that decedent's wife did not have a statutory right to decline decedent's bequest and elect to receive one-half of decedent's net estate under Rhode Island law, is incorrect (RI Gen Laws §§ 33-1-10, 33-28-1, 33-28-4 [a]). Defendants' bare assertion, that their recommendation of Rhode Island as the probate forum was a reasonable strategic decision under the circumstances, is not persuasive at this stage of the case (see RTW Retailwinds, Inc. v Colucci & Umans, 213 AD3d 509, 510 [1st Dept 2023]).
The settlement of the wife's elective share claim does not utterly refute plaintiffs' allegations of proximate cause because the complaint supports the inference that the settlement was effectively compelled by defendants' malpractice (see Bernstein v Oppenheim & Co., 160 AD2d 428, 429-430 [1st Dept 1990]). Although the complaint does not allege any cognizable pecuniary damage to decedent's estate, plaintiff Hardie Stevens's affidavit corrects that deficiency by identifying several categories of damages to the estate, including increased taxes and legal fees (see Estate of Schneider v Finmann, 15 NY3d 306, 309-310 [2010]; Rudolf, 8 NY3d at 443; Leon v Martinez, 84 NY2d 83, 88 [1994]). Defendants' remaining arguments relating to damages are not persuasive on [*2]this 3211 motion.
The remaining causes of action (first and third through tenth) were properly dismissed as duplicative of the legal malpractice cause of action, because they were predicated on the same facts and sought the same relief or improperly identified damages as independent causes of action (see Palmeri v Willkie Farr & Gallagher LLP, 156 AD3d 564, 567 [1st Dept 2017]; Garten v Shearman & Sterling LLP, 52 AD3d 207, 207-208 [1st Dept 2008]; Rivera v City of New York, 40 AD3d 334, 344 [1st Dept 2007], lv dismissed 16 NY3d 782 [2011]).
Supreme Court providently exercised its discretion when it declined to sanction defendants (see generally 22 NYCRR 130-1.1).
THIS CONSTITUTES THE DECISION AND ORDER OF THE SUPREME COURT, APPELLATE DIVISION, FIRST DEPARTMENT.
ENTERED: May 18, 2023